# SPENCER, ADM'R, *vs.* THOMPSON AND WIFE.

1. When an appeal is taken under the Code, and security for costs merely is given, it is only necessary that the surety should acknowledge himself liable for the costs of the appeal as under the old practice; but if a bond is given to supersede the judgment (§§ 3019, 3041), it is the duty of the clerk to send up a copy of it with the record (§ 3032). When the clerk merely certifies that the appellant "has given bond, with A. B. security for said appeal," and does not send up a copy of the bond, the appeal will be dismissed on motion.

APPEAL from the Court of Probate of Tuskaloosa.

MOTION to dismiss the appeal. The clerk certifies, in his final certificate, " that said James C. Spencer gave bond, with Humphrey B. Rogers his security for said appeal"; but no copy of the bond appears in the transcript.

E. W. PECK, for the motion.

Walton, adm'r, v. Bonham et al.

ORMOND & NICOLSON, *contra.*

CHILTON, C. J.—When security for costs merely is given, under the provisions of the Code, it is only necessary that the surety should acknowledge himself as such for the cost of the appeal in the particular case, as under the old practice. No formal bond was contemplated by the Legislature, except in cases where the judgment was to be superseded as specified in sections 3019 and 3041. If a *supersedeas* bond has been taken, it is made the duty of the clerk to send up a copy of it with the record.—See Code, § 3022.

In these cases, the clerk says a bond was taken, but no copy of it appears of record; neither are we informed as to the character of the bond, so that it is impossible for us to say whether it is such as furnishes security for the cost; and as the counsel for the appellant declines a *certiorari*, the appeal for this cause must be dismissed.