## HALL AND WIFE, ET AL., vs. WALLACE.

1. A plea in abatement of matters *de hors* the record is fatally defective on demurrer, if not verified by affidavit.
2. In trespass to try titles, the pendency of another action between the parties for the same premises is not good matter for a plea in abatement.
3. If the names of the sureties for the costs of the appeal are shown by the record, although not mentioned in the clerk's certificate, it is sufficient.

APPEAL from the Circuit Court of Shelby.

The record does not show the name of the presiding judge.

THIS action, which was commenced by summons and complaint, was brought to recover a certain tract of land, together with damages for its detention. The defendant pleaded in abatement the pendency of an action of trespass *vi et armis* for the recovery of the same land, and damages for the detention thereof, which was brought by the plaintiffs and others against him before the commencement of this suit, and was still pending. A demurrer was interposed to this plea, which was overruled; and judgment was thereupon rendered for the defendant, which is now assigned for error.

JOHN T. MORGAN, for the appellants, contended, 1st, that the plea was defective, because not verified by affidavit (1 Chit. Pl. 460, 462); 2d, that the action of trespass *vi et armis*, set up in the plea, is not trespass to try titles (Coulter v. Bell, 2 S. & P. 359); 3d, that if it were the same action, it is but a substitute for ejectment, in which the pendency of another action is no bar (Mitchell v. Robertson, 15 Ala. 412; Camp v. Forrest, 13 *ib.* 114); 4th, that the parties to the two actions must be precisely the same, when the plea is to the jurisdiction (3 Sum. 165; 2 Bail. 412; Com. Dig., "Abatement," H, p. 114.)

WHITE & PARSONS, *contra*, insisted that the appeal ought to be dismissed, because the clerk's certificate did not show that any security for costs had been given, nor the names of the sureties (Code, § 3041); that the form of the plea complies with the requirements of the Code (§ 2236); and that the

pendency of another action for the same cause is good matter for a plea in abatement (1 Chit. Pl. 454; 1 Saund. Pl. & Ev., m. p. 18 ; 1 Mon. 191.)

LIGON, J.—The demurrer was improperly overruled. The plea is in abatement for matters *de hors* the record of the case in which it is pleaded, and is not verified by the oath of the party pleading it. This is fatal on demurrer.—1 Chit. Pl. 460-62, 454.

It is also bad in substance. The action is trespass to try titles, and is subject to the same rules which govern in ejectment at common law.—Code, § 2209; Clay's Dig. 320, § 43-4-5. We have already held, upon the best authority, that neither party is concluded as to title by a verdict and judgment in ejectment ; and if the plaintiff persist in repeating his action, after being frequently defeated, the successful defendant may resort to a court of equity for an injunction, and thus secure his quiet.—Adams on Eject. 294, 315-16 ; Bacon's Abridg. (Bouv. ed.) title Ejectment (1) ; Camp v. Forrest, 13 Ala. 114; Mitchell v. Robertson, 15 *ib*. 412. As a former judgment or recovery cannot be pleaded in bar to a subsequent suit between the same parties in the action of ejectment, it would seem to follow, that the pendency of another action between them, at the time the second suit is brought, will not be good in abatement.

The evil of repeated suits between the same parties, on the *same title*, is now partially remedied in this State by section 2219 of the Code, which makes the second verdict for the defendant in such cases conclusive against the plaintiff, as to the title thus twice put in issue. This section, however, does not apply to the present case.

The motion to dismiss the appeal cannot be sustained, since the names of the sureties for cost are shown in the record itself, although they are not mentioned in the clerk's certificate. This is sufficient.

Let the judgment of the court below be reversed, and the cause remanded.