## HALL ET AL. *vs.* HOLCOMBE.

1. In an action (under the Code) for the recovery of land, a plea in abatement, setting up the pendency of a former suit brought by plaintiffs *and others* to recover the same land, is fatally defective on demurrer.

APPEAL from the Circuit Court of Shelby.

The record does not show the name of the presiding judge.

Hall et al. v. Holcombe.

THIS action was brought by the appellants, on the 19th January, 1853, to recover a certain tract of land, which is particularly described in the complaint, together with damages for its detention. The defendant pleaded in abatement the pendency of a previous action of trespass, brought by plaintiffs and others against him, for the recovery of the same land. To this plea the plaintiffs demurred, but the court overruled the demurrer, and, on their declining to plead over, rendered judgment quashing the complaint; and the judgment on the demurrer is now assigned for error.

MORGAN & MARTIN, for the appellants.

WHITE & PARSONS, *contra.*

CHILTON, C. J.—The plea in abatement in this case is clearly bad, and should have been so held upon demurrer.— Athough the former action was brought to recover the same land, it shows that it was brought by other persons than those who are the present plaintiffs. True, the present plaintiffs unite with them; but this makes no difference: the legal presumption is, that it was properly brought, and hence that it is not brought upon the same title; as the rule is, that all the plaintiffs must recover, or none of them can.—1 Chitty's Pl. 66; Adams on Ej. 299, and notes; Patton v. Crow, at the present term. Assuming, therefore, that the former action is well brought, it is upon a joint right of all the plaintiffs to that suit,—a title different from that to be tried in this suit.

Aside, however, from this objection, the case falls within the decision of this court in Hall and Wife v. Wallace, 25 Ala. Rep. 438.

Judgment reversed, and cause remanded.