## CRUMP et al. vs. WALLACE.

[TRESPASS TO TRY TITLES—MOTION TO DISMISS APPEAL.]

1. *Acknowledgment of security for costs held sufficient.*—Security for the costs of the appeal, though given by only one of the appellants, is as good as if given by all, since it covers all the costs of the appeal ; therefore an acknowledgment of security " for the costs of an appeal by all the plaintiffs except R.", is sufficient.

2. *Death of one of several co-plaintiffs before suit brought, in trespass to try titles, defeats entire action.*—The rule which obtains in ejectment, that the death of one of several lessors of the plaintiff does not abate the suit, nor destroy the right of the survivors to proceed, does not apply to the action of trespass to try titles, which must be brought in the name of the real parties ; but in the latter action, the death of one of several co-plaintiffs before suit brought, defeats the entire action, and may be pleaded either in abatement or in bar.

3. *Provisions of Code allowing amendments as to parties do not apply to actions pending when it took effect.*—The provisions of the Code allowing amendments as to parties (§ 2403) cannot be applied to suits which were pending when it took effect—to-wit, on the 17th January, 1853 ; and under the old law, where one of several co-plaintiffs was dead at the commencement of the suit, there was no authority for dropping his name at any subsequent stage of the proceedings.

APPEAL from the Circuit Court of Shelby.

The record does not show the name of the presiding judge.

TRESPASS TO TRY TITLES, as also to recover possession of a tract of land lying in Shelby county, which the plaintiffs claimed as heirs-at-law of Francis Shrader, deceased ; George Reeves and Rutha, his wife, being named in the writ and declaration as two of the plaintiffs. The defendant pleaded, 1st, not guilty ; and, 2dly, that George Reeves, one of the plaintiffs in this suit, was dead at and before the commencement of the suit. The plaintiffs demurred to the second plea, but their demurrer was overruled ; and they then replied, " that said George Reeves had no interest in the land sued for, and that he was, up to the 12th May, 1850, when he died, the husband of Rutha Reeves, and was made a party only because he was at that time supposed to be alive, and the husband of said Rutha, who (it is averred) is a part owner of the land sued for, and was at the commencement of the suit."

The court sustained a demurrer to this replication, and the plaintiffs were thereupon forced to take a nonsuit, with leave to move to set it aside in this court; and they now assign for error these rulings of the court.

The clerk certifies, in his final certificate appended to the transcript, "that an appeal was taken by the plaintiffs in this cause"; and the sureties for the costs of the appeal acknowledge themselves "securities for the costs of an appeal in said cause by all the plaintiffs except —— Reeves." It appears that the appellee, on these facts, moved to dismiss the appeal, or to strike the case from the docket; but the motion is not entered on the motion docket, and does not anywhere appear on the records of the court.

MORGAN & MARTIN, for the appellants:

1. The declaration shows that George Reeves and his wife were joined as plaintiffs, which could only be done where the suit was to recover her lands. The wife represented the real interest, and on the death of her husband might sue alone; or, since she sued jointly with him, the suit survived to her on his death.—Bright on Husband and Wife, vol. 1, p. 64; 2 Strobh. L. 332.

2. Since George Reeves was dead at the commencement of the suit, and there was no interest in him to survive to any one, the introduction of his name on the record could produce no legal consequences, where the actual parties in interest were all able to proceed with the cause. Such an error was amendable at common law.—Chitty's Pleadings, vol. 1, p. 14; Carolina Law Repository, vol. 1, p. 84.

3. At most, the death of one of several co-plaintiffs before suit brought, even where (if living) he would have been a necessary party, can only be taken advantage of by plea in abatement.—9 Gill & J. 428; 1 Chitty's Pl. (9th Amer. ed.) p. 447; Graham v. Houston, 4 Dev. Law R. 238; 3 Scam. 507; Bonner v. Greenlee, 6 Ala. 411.

4. One or more joint tenants may sue separately in ejectment, or in trespass to try titles, or in trespass *quare clausum fregit*, without noticing the other parties in interest; and if one of the lessors of the plaintiff dies, or is stricken from the demise or declaration, the suit does not abate, but proceeds in

Crump et al. v. Wallace.

the name of the remaining parties.—9 Pick. 528; 7 Greenl. 421; 2 H. & J. 280; 2 H. & M. 614; *ib.* 345; 8 Johns. 403; 12 *ib.* 185; 4 Gill & J. 323; 1 B. Mon. 370.

5. The action of trespass to try titles, having been substituted by statute for the action of ejectment, must be co-extensive with it. The plaintiffs in trespass occupy the position of John Doe in ejectment: in them concentres all the title of the lessors of the plaintiff in ejectment, and they may recover upon any title, joint or several.—11 Wend. 592; 4 Cranch, 164; 1 Hawks, 469; 1 Johns. Cas. 392; 3 John. 259; 2 Port. 480; 8 *ib.* 317; 3 Ala. 73; 6 *ib.* 411; 7 *ib.* 459.

6. On the motion to dismiss the appeal:—The acknowledgment of the securities for the cost is clearly sufficient: their liability is not limited to the costs incurred by a portion of the appellants, but covers all the costs of the appeal; and the superadded words merely describe the appeal as being taken "by all the plaintiffs except —— Reeves."

WHITE & PARSONS, *contra:*

1. The appeal must be taken in the name of all the parties to the suit.—Clarke v. West, 5 Ala. 117; Savage & Darrington v. Walsh & Emanuel, 24 *ib.* 293; Moore v. McGuire, 26 *ib.* 461. Here, the acknowledgment of the sureties for the costs is for the costs of an appeal taken by all the plaintiffs "except —— Reeves"; while the record shows that two of the plaintiffs bear the name of Reeves. How can it be ascertained which of the two was meant? A surety is entitled to stand on the precise terms of his contract.—Carey v. McDougald's Adm'r, 25 Ala. 109.

2. The death of George Reeves before the commencement of the suit was good matter either in abatement or in bar.—Jenks v. Edwards, 6 Ala. 143; Baker v. Chastang's Heirs, 18 *ib.* 421; 1 Watts & Ser. 438; 1 Chitty's Pleadings, pp. 446, 466, 475.

CHILTON, C. J.—1. The motion to dismiss the appeal, or to strike the cause from the docket, cannot prevail. True, the security for the cost, which forms the ground of the motion, is not very formal, but it embraces the cost of the appeal; and although it says, "for all the plaintiffs except —— Reeves"

it is sufficient, since security given for the cost of the appeal by one appellant, is as good as if given by all. The specifying of the person for whom the parties to the bond stand surety for the cost, is but a designation of their principals, to whom they would have the right to look for indemnity, should they have the cost to pay.

2. In actions of ejectment, the death of a portion of the lessors of the plaintiffs does not abate the suit, nor destroy the right of the survivors to proceed.—Adams on Ej. 320; 1 Wend. 27; 8 Johns. R. 495; Baker v. The Heirs of Chastang, 18 Ala. 417. The suit, being in the name of John Doe, a fictitious person who cannot die, progresses; and it is within the discretion of the court to allow amendments in stating the demise. But this fiction, of proceeding in the name of an unreal plaintiff, does not, and cannot, apply to the action of trespass to try title, where the suit is brought in the name of the real party, who must be able to sue, or he cannot maintain it.

In the case before us, several sue, but one of the plaintiffs was dead before the commencement of the action. As death has interposed a perpetual bar to his being a party in court, the fact of his decease may well be pleaded as it was in this case, and is not necessarily pleadable in abatement only. But the question recurs, does it operate only to bar a recovery on the part of the deceased, or as a bar to the entire action?

This action is governed by the same rules (the fiction and consequences which result from the fictitious proceedings aside) that obtain in the action of ejectment. When, therefore, several parties unite in an action, they are supposed and must be considered as relying upon a joint demise; and must allege and prove that each has the right to recover. In such case, all must recover, or none of them can.—1 Mar. R. 41; 2 ib. 242, 387, 459; 3 ib. 19, 379, 462; 4 Mon. R. 365; 7 ib. 230; Litt. Sel. Cas. 420; Hall and Wife v. Holcomb, 26 Ala. 720. It is well settled, in ejectment, that on a joint demise none can recover without proving title in all. As it is impossible to prove title in all the parties plaintiffs, one of them being dead before the action was commenced, the plea of such death must be a bar to the suit. That such a plea is a bar to an ordinary action, see Jenks v. Edwards, 6 Ala. 143, and cases there cited.

The fact that co-heirs may each maintain an action for his share, or may join, and if one die, the suit may proceed in the names of the survivors, may be granted, without at all affecting the position above asserted. Here there is a party introduced upon the record, at the inception of the proceedings, who cannot sue ; and we know of no rule of law which will authorize his name to be dropped from the list of the complainants, so long as there is no change in the circumstances existing when the action was commenced. The new Code makes provision for amendments as to parties ; but this suit was commenced under the old law existing before the Code, and must be controlled by that law.

It follows from what we have said, that the plea of the death of George Reeves *before suit* brought, was good as a bar to the action ; and the replication that he had no interest, but was made a party because he was the husband of Rutha Reeves, another plaintiff, who is the party really interested, and under the supposition that he was living when the suit was commenced, was properly held bad on demurrer.

Judgment affirmed.