# Henry *v.* Couch, *et al.*

### *Action of Trover.*

#### [Decided Feb. 13, 1902.]

1. *Appeal; judgments; motion for new trial.*—Where an action of trover against two defendants resulted in a judgment for one defendant and against the other, and a motion for a new trial by the latter was afterwards granted, and the certificate of appeal recited that the appeal was taken from "the judgment of the circuit court rendered against the plaintiff," the appeal must be considered as having been taken from the judgment on the trial and not from the decision of the motion for a new trial.

2. *Decision of motion for new trial; review; bill of exceptions.*—A ruling on a motion for a new trial can be reviewed only by bill of exceptions.

3. *Bill of exceptions; order extending time for signing; motion for new trial.*—Where an order of court extending the time for signing a bill of exceptions in vacation provides only for a bill of exceptions on a motion for a new trial, a bill of exceptions for matters arising on the original trial cannot be signed under said order, and if signed in vacation will not be reviewed on appeal.

4. *Appeal; granting motion for a new trial.*—Where no appeal is taken from the action of the lower court in granting a new trial, there can be no review of the court's action thereon.

5. *Appeal, overruling motion for new trial; review.*—The court's action in overruling a motion for a new trial may be reviewed on a bill of exceptions, on an appeal taken from the judgment on the original trial, or on an appeal from the decision on the motion.

APPEAL from Marshall Circuit Court.
Tried before Hon. J. A. BILBRO.

JOHN A. LUSK, for appellant, in opposing the motion to dismiss the appeal, cited Elliott's Appellate Proc., §§ 83, 86, 159; Baylie's New Trial, p. 39.

O. D. STREET, for appellee, in support of the motion to dismiss the appeal, cited *Dumar v. Hunter,* 28 Ala. 688; s. c. 30 Ala. 188; *Deslonde v. Carter,* 27 Ala. 541; *Burdine v. Mistinc,* 33 Ala. 634; *Espy v. Balkum,* 45 Ala. 256; 2 Ency. Pl. & Pr., 217, 219; *Myers v. Landrum,* 4 Wash. 762; *Allport v. Kelly,* 2 Mont. 343; *Scranton v. Mallord,* 64 Ala. 402; *Creswell v. Commissioners,* 24 Ala. 282; *Kelly v. Dugan,* 111 Ala. 152; *Espy v. Balcum,* 45 Ala. 256.

DOWDELL, J.—This was an action in trover brought by the plaintiff, Henry, against M. P. Couch and Thomas Rice. On the trial judgment was rendered in favor of the defendant Couch and against the defendant Rice. Thereupon the defendant Rice made a motion to set aside the verdict and judgment rendered against him and to have a new trial. This motion the court granted. The judgment as to Couch was not disturbed. The plaintiff Henry appeals. The certificate of appeal recites that the appeal is taken from "the judgment of the circuit court rendered against the plaintiff," etc. Motion is now made to dismiss the appeal on the ground that there were two judgments either of which would support an appeal, and it is not shown from which the appeal is taken. The ruling of the court on the motion for a new trial properly speaking is not a judgment of the court, that is a final judgment that becomes a part of the record, but a mere ruling on a motion, from which no appeal would lie but for the statute. And under the statute which authorizes the appeal, and which designates such ruling as a *decision* on the motion, the ruling cannot be reviewed except on bill of exceptions. The only judgment *rendered against* the plaintiff was the one rendered on the trial in favor of the defendant Couch, and it is from this judgment that the appeal must be considered as having been taken. The motion to dismiss must, therefore, be denied.

The order of the court extending the time for the signing of a bill of exceptions in vacation provides only for a bill of exceptions on the motion for a new trial; no

allowance is made for a bill of exceptions on the original trial. The bill having been signed out of term time cannot be looked to for the purpose of reviewing the court's action on the first trial, as no order was made in term time for such bill.

No appeal was taken from the decision of the court on the motion, in setting aside the judgment and granting a new trial as to the defendant Rice. Without an appeal in this respect, there can be no review of the court's action on the motion.

The court's action in overruling a motion for a new trial may be reviewed on a bill of exceptions, upon an appeal taken from the judgment rendered on the original trial, or in such case the appeal may under the statute be prosecuted from the decision on the motion with bill of exceptions. But that is not the case here. The motion was granted and the judgment set aside, and in such case the appeal must be taken from the decision on the motion, with bill of exceptions as the statute provides, there being no judgment from which to appeal. As the bill of exceptions in the present case cannot be considered for any purpose, and the assignments relate to rulings that can only be presented for review by bill, there being no assignments of error on the record, it follows that the judgment appealed from in favor of defendant Couch must be affirmed. This will leave the cause in the court below for another trial as to the defendant Rice.