# Street *et al. v.* Frank.

*Garnishment Suit.*

1. *Appeals; judgment appealed from must be shown in the record.* The judgment appealed from must appear in the transcript as a part of the record of the court below, and can not be shown by bill of exceptions merely; and unless the record proper shows such judgment, the appeal will be dismissed.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN PELHAM.

The appellee, G. G. Frank, instituted a suit in a justice

of the peace court against one A. L. Randolph and sued out an ancilliary writ of garnishment which was served upon the Southern Railway Co. Subsequent to the institution of said suit, the defendant Randolph filed a claim of exemptions for the amount due him as wages from the garnishee, the Southern Railway Co., and gave bond as provided under the statute, to enable him to collect the money from the garnishee. This bond was signed by the appellants in the present case as sureties for Randolph. Subsequent to this time, the defendant Randolph appeared before the justice and confessed judgment in favor of the plaintiff. The appellants in the present case, sureties on said garnishment bond, removed the case into the circuit court by writ of *certiorari*. The present appeal is taken by the appellants; but there is contained in the record no judgment against them. The other facts of the case are sufficiently stated in the opinion. In the Supreme Court there was made a motion to dismiss the appeal.

T. C. SENSABAUGH and R. Y. STREET, for appellant.

E. H. HANNA, *contra*.

DOWDELL, J.—It is a settled rule of this court, that judgments appealed from, must appear in the transcript as a part of the record of the court below, and cannot be shown by bill of exceptions merely. In this case, it appears in the record proper as certified by the clerk, and to which part alone we can look for the judgment of the court appealed from, that on June 5th, 1900, there was a judgment of dismissal of the *certiorari*, and subsequently on June 19th, 1900, there was another order or judgment of the court, setting aside the former judgment. These are the only judgments shown by the record proper. From this it appears that the cause stands in the court below undisposed of. There being no judgment from which to appeal, it necessarily follows that the appeal must be dismissed.

Appeal dismissed.