# Randall v. Worthington.

## Action of Assumpsit.

1. *New trial; ruling of court upon motion will not be reviewed upon appeal unless judgment thereon is shown in the transcript.*—On an appeal from a judgment rendered upon a motion for a new trial, such judgment should appear either in the transcript of the record proper, or be set out in the bill of exceptions, and when said judgment is not so shown the appeal will be dismissed.

2. *Same; same.*—The statement contained in a bill of exceptions that "the court granted said motion (for a new trial) and set aside the verdict of the jury, and granted the defendant a new trial, is insu__cient to present for review the judgment of the trial court upon said motion for a new trial.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action of assumpsit, brought by the appellant against the appellee. On the trial of the case

[Randall v. Worthington.]

there were verdict and judgment in favor of the plaintiff. A few days after the rendition of the judgment, there was a motion made by the defendant to be granted a new trial, assigning several grounds for said motion. The bill of exceptions contains the following recitals as to the action of the court upon said motion: "Whereupon the court took the same under advisement, and on January 6th, 1902, the court granted said motion and set aside the verdict of the jury and granted the defendant a new trial and continued the cause, and to the action of the court in granting said motion, in setting aside the verdict of the jury, and granting a new trial, the plaintiff then and there duly excepted." This was the only statement appearing in the bill of exceptions, or as part of the record proper, in reference to the ruling of the court upon a motion for a new trial. The appeal is prosecuted by the plaintiff, who assigns as error the "setting aside of the verdict of the jury and granting a new trial," by the court.

VON L. THOMPSON, for appellant.

WALKER, TILLMAN, CAMPBELL & WALKER, contra.

SHARPE, J.—A judge granting a new trial is matter of record in the trial court, and on appeal therefrom the judgment should appear either in the transcript of the record proper, or be set out in the bill of exceptions in accordance with section 434 of the Code of 1896. Nowhere in the transcript submitted on this appeal is there such a judgment set out. The statement contained in the bill of exceptions that "the court granted said motion and set aside the verdict of the jury and granted the defendant a new trial," is insufficient to present a judgment for review.

Therefore, the appeal must be dismissed.