# Chambers *v.* Morris.

*Appeal from Order Granting New Trial.*

[Decided June 30, 1905.]

1. *New Trial; Appeal.*—On appeal from a judgment granting a motion to set aside a verdict and giving a new trial, nothing will

[Chambers v. Morris.]

be considered except the action of the court with respect to the motion.

2  *Same; Judgment Entry.*—A formal judgment is necessary to support an appeal, and where on a motion to set aside a verdict and grant a new trial, the only action of the court shown is an entry signed by the presiding pudge, entered on the motion docket, that the motion is granted, an appeal therefrom will be dismissed, as such entry is nothing more than a memorandum, or docket entry.

3.  *Same; Judgment.*—Where a judgment rendered in favor of a party is formal and sufficient, an adjudication by the court is necessary to set it aside; otherwise the judgment remains intact.

APPEAL from Henry Circuit Court.
Heard before Hon. A. H. ALSTON.

P. A. MCDANIEL, for appellant.

WM. C. OATES, for appellee.

DENSON, J.—Morris sued Chambers in an action of statutory ejectment. There was a verdict and judgment for the defendant. This appeal is prosecuted upon the theory that the court granted a motion setting aside the verdict and judgment. There is nothing of which the defendant could complain except the action of the court with respect to the motion.—*Karter v. Peck & Bro.,* 121 Ala. 636.

The bill of exceptions, after setting out the motion that was made to set aside the verdict, recites, that "At a later date of said term of court, to-wit, on June 8th, 1904, said motion coming on to be heard was submitted without any argument, or the submission of any evidence, other than that submitted on the original trial of said cause. And on said date, the following entry was made in said motion on the docket of said court, to-wit; June 8th, 1904 : motion granted, and verdict set aside, 30 days from adjournment allowed for bill of exceptions."

"A. H. ALSTON."

The minute entry shows that the above is all that appears with respect to the court's action in regard to

[Chambers v. Morris.]

the motion made to set aside the verdict.

Thus, by the recitals of the bill of exceptions and the minute entry, it affirmatively appears that there was no order made by the court nor judgment entered showing that the court adjudicated anything with respect of the motion to set aside the verdict or judgment. The recitals in the bill of exceptions and the minute entry are nothing more than a memorandum or docket entry made by the presiding judge.

The judgment rendered in favor of the defendant was formal and sufficient and, to accomplish the vacating and setting aside of the verdict and judgment, there must have been an adjudication by the court to that effect, otherwise the judgment remained intact.

Where the judgment on the merits is in favor of the party appealing and there is no formal order or judgment setting it aside, it is obvious that there is nothing in the record prejudicial to the appellant, or upon which an appeal could be predicated by him.

If there had been an order or judgment by the court setting aside the verdict and judgment, that would have supported an appeal, it could have been embraced in the bill of exceptions under the provisions of section 434 of the Code, and here assigned as error.

An order or judgment is indispensable to the prosecution of an appeal, and as we have seen in this case the record affirmatively shows that there was no order made nor judgment rendered setting aside the verdict granting a new trial, nor vacating the judgment, it follows that the appeal must be dismissed.

Appeal dismissed.

McCLELLAN, C. J., TYSON and DOWDELL, JJ., concurring.