# Irby *v.* Kaigler.

### *Assumpsit.*

(Decided Nov. 19, 1912.　60 South. 418.)

1. *Bill of Exceptions; Statement of Evidence; Rule 32.*—Where the bill of exceptions contains the evidence in extenso instead of in narrative form, it will be stricken, although the evidence is short. (Rule 32, Supreme Court Practice.)

2. *Appeal and Error; Transcript; Record.*—The insertion in the transcript of entries not of record proper, but entered on the motion docket will not constitute such entry a part of the record.

3. *Same; Decisions Reviewable; New Trial.*—Where a formal judgment has been entered for the plaintiff, it requires a former order or judgment setting it aside before it is abrogated; hence, no appeal will lie from an order granting a new trial when entered solely on the motion docket, as there is nothing in the record prejudicial to the appellant.

4. *Same; Questions Presented; Record.*—Notwithstanding the provisions of section 2846, Code 1907, as amended by Acts 1911, p. 198, the record proper in contradistinction to the bill of exceptions must show the granting of such motion for a new trial, in order to review the order on appeal.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Assumpsit by R. D. Irby against G. O. Kaigler. Judgment for plaintiff and from an order granting defendant a new trial plaintiff appeals. Affirmed.

A. H. MERRILL & SON, for appellant. The bill was not subject to dismissal because violative of rule 32, as the evidence is very short, and the whole transcript brief.—*Gassenheimer P. Co. v. Marietta P. Co.*, 127 Ala. 183. The case at bar was totally different from the one just cited above and that of *So. Ry. Co. v. Jackson*, 133 Ala. 384. The affirmative charge was not requested, but the appeal is from a motion granting a new trial, and under section 2846, Code 1907, as amended by Acts 1911,

p. 198, it was incumbent to have all the evidence; see generally *Woodward I. Co. v. Herndon,* 130 Ala. 364; *L. & N. v. Hall,* 131 Ala. 161; *Gaynor v. L. & N.,* 136 Ala. 260. A formal judgment on the motion was not necessary.—Section 2846, Code 1907, as amended Acts 1911, p. 198; *Wilk v. Key, et al.,* 117 Ala. 285; *So. Ry. Co. v. Nelson,* 148 Ala. 188. Counsel discuss the merits of the case, but in view of the opinion, it is not deemed necessary to set out such discussion.

THOMAS & MCDOWELL, for appellee. The bill should be stricken because violative of rule 32.—*Gassenheimer P. Co. v. Marietta P. Co.,* 127 Ala. 183; *Boyett v. Standard F. Co.,* 146 Ala. 554; and authorities cited in appellant's brief. The bill of exceptions was not signed in time to present any question other than arose on motion for new trial.—*People Co. v. Keith,* 136 Ala. 469. The action of the trial court is not reviewable because no judgment is shown granting the motion.—*Tallassee F. Co. v. Western Ry.,* 128 Ala. 167.

PELHAM, J.—The assignments of error in this case are based on the action of the lower court in granting appellee's motion for a new trial in a case wherein the appellant was the plaintiff and recovered judgment against the appellee as the defendant in the trial court.

The case is submitted here on appellee's motion to strike the bill of exceptions, on the ground that it is in violation of rule 32 of this court (Code 1907, p. 1526), and on the merits.

The evidence set out in the bill of exceptions is not in narrative form, but is in the usual form of a stenographic report showing question and answer, and is in fact nothing more than a copy of the stenographic report. The appellant's attorneys, in brief filed, analyze

some of the cases in which this rule has been enforced
by the Supreme Court, and seek to draw a distinction
between those cases and the case under consideration
because of the bills of exception being of greater length
in the cases reviewed by them than in this case. Coun-
sel argue that because that part of the bill of exceptions
setting out the evidence in this case consists of but 14
pages, while many more pages were necessary in setting
out the evidence in the cases they review, an exception
should be made in this case as the reason for an applica-
tion of the rule, because of this distinction is not so
apparent or the necessity for applying the rule so great
in this case. The argument struck us as having some
force, and we examined the original records in the last
cases in which this rule, under similar circumstances,
has been applied, so far as our investigation developed,
by the Supreme Court and this court. The last case
we find the Supreme Court to have applied the rule for
the same reason assigned as the basis of the motion
here is that of *Hester et al. v. Cantrell*, 169 Ala. 490, 53
South. 1009. An examination of the original record in
that case shows that less than 20 pages of the transcript
are used in setting out the report of the testimony, and
that these pages, being written in a large, loose hand-
writing, do not contain anything like the number of
words or amount of testimony set out in the bill of
exceptions in this case. Following the ruling of the
Supreme Court in that case, this court applied the rule,
under similar conditions, in the case of *Lucas v. Mays
et al.*, 2 Ala. App. 497, 56 South. 593, and cited the case
of *Hester et al. v. Cantrell, supra,* together with other
cases, in support of our holding. The original record in
*Lucas v. Mays et al., supra,* shows that the evidence set
out in the bill of exceptions occupies the same number of
pages of the transcript as in the case under considera-

tion (14 pages), but that the pages in that case are more closely written.

In this case a motion is made and urgently insisted upon that the rule be enforced, while the Supreme Court applied and enforced that rule, under a very similar condition of the record, as shown by this case, in the case of *Hester et al. v. Cantrell, supra,* without a motion having been made or such action insisted upon, so far as shown by an examination of the record. Under such conditions the present case does not present anything authorizing an exception to be made in the application and enforcement of the rule. When once an exception is made in the enforcement of a rule, it is at once seized and insisted upon as the governing rule, and each party affected has no difficulty in persuading himself that his case is within the exception, and thinks it unjust and a hardship to have the rule applied to his particular case. For this reason exceptions should be made only when the distinction and reason for doing so is plain and indubitable. No such case is presented in this instance, and the motion will be granted, and the bill, or what is termed in the transcript a bill of exceptions, is ordered stricken because in plain violation of the said rule.

The assignments of error are predicated solely on the trial court's granting the defendant's motion for a new trial; and, even though we should refuse the appellee's motion to strike the bill of exceptions, there is no judgment shown by the recitals in the transcript that would authorize a consideration of the errors assigned. The record proper shows no judgment of the court, entered as a record of the court below, granting the motion or setting aside the verdict in favor of the appellant. Set out in the transcript, just preceding the bill of exceptions, is the motion of appellee for a new trial, and at

the conclusion appears an order, signed by the judge, granting the motion, but this motion and order, evidently from the motion docket, are not and cannot be considered as a part of the record, properly speaking; for, unless the motion and order on it be enrolled by order of the trial court, it is no part of such record, and the insertion of the motion and order on it in the transcript does not make it a part of the record.—*Wiggins v. Witherington & Co.,* 96 Ala. 535, 11 South. 539; *Leinkauff & Strauss v. Tuskaloosa Co.,* 99 Ala. 619, 12 South. 918; *Ewing v. Wofford,* 122 Ala. 439, 25 South. 251; *Craig v. Etheredge,* 133 Ala. 284, 32 South. 65; *Randall v. Worthington,* 141 Ala. 497, 37 South. 594; *Barton v. Charter Gas Engine Co.,* 154 Ala. 275, 45 South. 213.

Although this order should be deemed properly a part of the record, it is not sufficient to support an appeal under the rule declared in *Chambers v. Morris,* 144 Ala. 626, 39 South. 375, where it is said in the opinion rendered by the Supreme Court: "The judgment rendered in favor of the defendant was formal and sufficient, and, to accomplish the vacating and setting aside of the verdict and judgment, there must have been an adjudication by the court to that effect; otherwise the judgment remained intact. Where the judgment on the merits is in favor of the party appealing, and there is no formal order or judgment setting it aside, it is obvious that there is nothing in the record prejudicial to the appellant, or upon which an appeal could be predicated by him."

The judgment in favor of the appellant, based on the finding of the jury, is formal and sufficient in this case, and there is no formal order or judgment annulling and setting aside the verdict and judgment on the merits shown by any part of the transcript. The purported

bill of exceptions does not, as we have pointed out, contain a sufficient order or judgment on the motion, or a formal order or judgment setting aside the verdict and former judgment on the merits in favor of the appellant; and even if it did this would not support the appeal, as the judgment to be reviewed here must appear in the record proper.—*So. Ry. Co. v. Nelson,* 148 Ala. 88, 41 South. 1006. The judgment appealed from can only be presented to the appellate court by a certified transcript of the *record* of the trial court, and the bill of exceptions cannot be looked to for such judgment.—*Conway v. Clark et al.,* 171 Ala. 391, 55 South. 117; *Borom et a. v. Posey et al.,* 133 Ala. 666, 31 South. 1035; *Street et al. v. Frank,* 136 Ala. 616, 33 South. 879. See, also, *Gaston v. Marengo Improvement Co.,* 139 Ala. 465, 36 South. 738, referred to and approved on this proposition in the case of *Lay v. Postal Telegraph Cable Co.,* 171 Ala. 172, 54 South. 529, 531.

The wording of the statute (Code 1907, § 2846, as amended by the act approved April 5, 1911 [Acts 1911, p. 198]) possibly might seem to warrant a construction authorizing the judgment on the motion to be incorporated for review in the bill of exceptions, and the holdings are to that effect by the Supreme Court in *Chambers v. Morris,* 144 Ala. 626, 39 South. 375; *Randall v. Worthington,* 141 Ala. 497, 37 South. 594, and *Henry v. Couch et al.,* 132 Ala. 570, 31 South. 463. But the later cases of the Supreme Court above cited hold contra, and require the record proper on appeal to show a transcript of a *judgment of record* in the lower court. Appellant cites *Wilk v. Key,* 117 Ala. 285, 23 South. 6, and *So. Ry Co. v. Nelson,* 148 Ala. 98, 92, 41 South. 1006, in support of the sufficiency of the judgment entry. In the latter case, in the opinion on application for rehearing, it will be seen that the distinction is drawn between

the necessary order or judgment that must be shown when the appeal is prosecuted from an order granting a motion for a new trial and an order refusing such a motion. In the former a formal order or judgment granting the new trial and setting aside the verdict and judgment must be shown by the record to support an appeal; while in the latter case no previous judgment is vacated, and the necessity of a formal judgment is held not to be necessary.

We have discussed this last proposition at such length because of appellant's forceful presentation and urgent insistence that the discretion of the court should be exercised in not applying rule 32 to this case because of the hardship it would work. It will be seen from what we have said that, even though the bill of exceptions should not be stricken, the transcript does not contain a sufficient judgment upon which to base the assignment of errors. The case, however, must be affirmed, because all errors assigned are predicated upon the bill of exceptions, which, on motion of appellee, is stricken because in violation of rule 32.

Affirmed.

THOMAS J., not sitting.