(97 South. 647)
**DEES v. LINDSEY MILL CO.** (I Div. 296.)

(Supreme Court of Alabama. Oct. 11, 1923.)

**I. Appeal and error ⊜⇒937(I)—Appeal to be considered taken from judgment on verdict.**

On motion to dismiss appeal taken, as authorized by Acts 1919. p. 85, by giving security for costs, whereby plaintiff and others acknowledge themselves security for costs of appeal in the entitled case, is to be considered taken from the judgment for plaintiff on verdict for less than claimed; only that judgment appearing on the record proper, and there being no judgment on the motion for new trial which will support an appeal, under Code 1907, § 2846 as amended by Gen. Acts 1915, p. 722.

**2. Appeal and error ⊜⇒502(6, 7)—Statement in bill of exceptions held sufficient to present a ruling on motion for new trial, and on exception thereto, on appeal from judgment.**

The statement in the bill of exceptions, that the court overruled motion for new trial, and marked it, "Motion refused. * * * L., Judge," to which action of the court plaintiff then and there duly excepted, is sufficient to present a ruling on the motion and exception thereto for consideration on appeal from judgment on the verdict.

**3. Appeal and error ⊜⇒1005(4)—Denial of new trial not disturbed, in the absence of a convincing preponderance of evidence.**

Denial of motion for new trial in action on account, on the ground that allowance of credits for items of freight as paid by defendant was contrary to the evidence, will not be disturbed, the evidence having been in striking conflict; the rule for reversal being that, after allowing all reasonable presumptions for correctness, the preponderance of evidence against the verdict must be so decided as to clearly convince the court that it is wrong and unjust.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Action on account by J. R. Dees against the Lindsey Mill Company. From a judgment for less than claimed, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Hybart & Hare, of Monroeville, for appellant.

The form of security for costs of appeal was proper. Mayfield v. Court of County Comm., 148 Ala. 548, 41 South. 932; Code 1907, § 2886. A party may appeal from the judgment rendered, and may have reviewed the rulings leading thereto, and also action of the court in overruling a motion for new trial. Ewart Lbr. Co. v. American Co., 9 Ala. App. 152, 62 South. 560; Henry v. Couch, 132 Ala. 570, 31 South. 463. Counsel argue for error on the merits of the case, but without citation of authority.

Barnett, Bugg & Lee and R. L. Jones, all of Monroeville, for appellee.

The appeal was not taken in the manner prescribed. Ex parte Jonas, 186 Ala. 567, 64 South. 960; Caldwell v. Baldwin, 43 Ala. 617; State v. Cooper, 20 Fla. 547; Crow v. Hardage, 24 Ark. 282; In re Boyle, 190 Pa. 577, 42 Atl. 1025, 45 L. R. A. 399; 3 C. J. 1084. Where there are two decrees, from either of which an appeal would lie, the appeal must specify from which judgment or

decree it is taken. Decatur Land Co. v. Cook, (Ala. Sup.) 27 South. 559; 3 C. J. 1087, 1094, 1225. Though the evidence preponderates against the verdict of the jury, this alone will not justify a new trial; it must be palpably wrong. Taylor v. Corley, 113 Ala. 580, 21 South. 404.

MILLER, J. J. R. Dees sues Lindsey Mill Company for $500 due from it by account. The jury returned a verdict in his favor for $13.48, and from the judgment of the court therefor the plaintiff prosecutes this appeal.

[1] The appellee, the defendant, files motion to dismiss the appeal, because it fails to state from which judgment, the final judgment or the judgment on motion for new trial, the appeal was taken, and because the appeal was not taken within the time and in the manner required by the statute. The plaintiff filed security for appeal in the following form:

"Appeal Bond.

"J. R. Dees v. Lindsey Mill Co.

"Circuit Court, Monroe Co., Ala.

"The undersigned hereby acknowledge themselves security for the costs of appeal to the Alabama Court of Appeals in the above-styled case.	J. R. Dees.
"E. T. Milsap,
"B. H. Stallworth."

It was approved and filed by the clerk of the court on November 4, 1922.

An appeal may be taken "by giving security for the costs of the appeal to be approved by the clerk." Act approved Feb. 15, 1919; Gen. Acts 1919, p. 85; section 2872, Code 1907. This form of appeal, by giving security for cost, was approved by this court in Mayfield v. Court of County Commrs., 148 Ala. 550, 41 South. 932. When a party appeals, and security for costs merely is given, it is only necessary that the principal and sureties acknowledge themselves as security for the cost of the appeal in the particular case. Spencer v. Thompson, 24 Ala. 512; Crump v. Wallace, 27 Ala. 277; Marshall v. Croom, 50 Ala. 479. This the plaintiff and his sureties did in this case. The appeal must be taken within six months from the rendition of the judgment. Section 1, Act, supra (Gen. Acts 1919, p. 85). This judgment was rendered for $13.48 and costs on verdict of the jury by the court on October 6, 1922. The motion for new trial was refused by the court on October 12, 1922, and the appeal was taken by giving security for the costs of the appeal on November 4, 1922. This appeal was taken within the time and in the manner as the statute permits. Gen. Acts 1919, p. 85, § 1.

The appellee insists the appeal should be dismissed, because it does not state from which judgment the appeal was taken. It fails to state whether it was taken from the judgment for $13.48 and costs rendered on October 6, 1922, or the order of the court overruling the motion of plaintiff for new trial made on October 12, 1922, from either of which an appeal lies to this court under appellee's contention. There is only one judgment of the court in the record proper. It is the one rendered October 6, 1922, for $13.48 and costs. The appeal by plaintiff will be referred by this court and must be considered as having been taken from that judgment. Neither the motion for the new trial nor the order of the court appear in the record proper. We find them only in the bill of exceptions. There is no judgment of the court on the motion for a new trial, either in the record proper or in the bill of exceptions. The only reference to it in the transcript is found in the bill of exceptions. The motion for new trial is set out in full in the bill of exceptions, and then appears the following:

"And plaintiff introduced in support of said motion the evidence in the cause as set out in this bill of exceptions, and after considering same the court overruled said motion, and marked same, 'Motion refused October 12, 1922. John D. Leigh, Judge,' to which action of the court the plaintiff then and there duly excepted."

This is not a judgment of the court on the motion for a new trial. Randall v. Worthington, 141 Ala. 497, 37 South. 594. There is no judgment of the court on the motion for new trial which will support an appeal as authorized by statute. Section 2846, Code 1907, as amended Gen. Acts 1915, p. 722. So this appeal must be considered as taken from the only judgment in the case, the one for $13.48 and cost rendered on October 6, 1922, from which an appeal can be prosecuted to the appellate court. Henry v. Couch, 132 Ala. 570, 31 South. 463; Randall v. Worthington, 141 Ala. 497, 37 South. 594. The motion to dismiss the appeal must be denied.

[2] This statement in the bill of exceptions on the motion, "The court overruled said motion and marked same, 'Motion refused October 12, 1922. John D. Leigh, Judge,' to which action of the court the plaintiff then and there duly excepted," is sufficient to present a ruling of the court on the motion and on exception thereto for the consideration of this court on appeal from the judgment in favor of plaintiff and against defendant for $13.48. Wilk v. Key, Simmons & Co., 117 Ala. 285, 23 South. 6; Henry v. Couch, 132 Ala. 570, headnote 5, 31 South. 463; Cobb v. Malone, 92 Ala. 632, 9 South. 738.

[3] There is only one error assigned; it is the denying and overruling by the court of the motion for new trial made by the plaintiff. This motion assigns three grounds why the new trial should be granted by the court, but only one of them is insisted on and argued by appellant in brief, and is as follows:

"(3) The verdict is contrary to the evidence, in that the evidence shows without conflict that defendant had charged plaintiff with certain items of freight which were in fact paid by plaintiff, and deducted said freight charges from the amount due plaintiff by defendant for hauling logs, which said deductions were erroneous and unauthorized, because said items were not in fact paid by defendant."

This is a suit by plaintiff against defendant for hauling logs. The plaintiff claims and testified that the defendant owed him a balance of $371.71, with interest since last August. The plaintiff testified:

"After giving the defendant credit for every credit it is entitled to receive, it is still due me $371.71 * * * The only difference between us are the charges of $16.24 freight paid by me, for which I have the railroad company's receipt, and the difference in scaling the logs. The plaintiff here introduced in evidence statements rendered him by defendant, showing that they had charged him with the total amount of $235.68 for feed and freight, omitting to charge him with the item of $5.70, which sum should have been included in the charge against plaintiff to make a total of $241.38, and which statement also included the several items of freight totaling $16.24 paid by plaintiff. The plaintiff here introduced in evidence these freight receipts, showing said total of $16.24 as freight to have been paid by him. * * * The defendant charged me with freight on the same feed bills that I paid the freight on. Plaintiff was here asked if one of the feed bills rendered him by the defendant did not show a charge against Lindsey Mill Company by the Turner Young Grain Company, covering freight which they claimed to have prepaid on this feed, to which he replied that he did not know; that the bill and the invoice were pinned to the statement sent him by the company, and the defendant charged me with the invoice and the freight bills to make up the total of the bill rendered me."

The president of the defendant company, J. R. Lindsey, testified:

"The Lindsey Mill Company does not owe Mr. Dees [the plaintiff] anything except $12.45 as a balance on the $10 contract; * * * the total due plaintiff by the defendant for the two months being $12.27. The three items of freight charged against plaintiff on the statement for July, namely, $4.75, $5.79, and $5.79, were included in the invoices sent defendant by Turner Young Grain Company, and were paid to said grain company by defendant without any knowledge that plaintiff had paid this freight."

These invoices, statements, and freight receipts were introduced in evidence. The jury and the trial court saw them and heard these witnesses testify orally about them. The receipts, statements, and invoices are not in this record, and we cannot see them. The plaintiff testified the defendant owes him $371.71, with interest; the evidence of the president of the defendant company is that defendant owes plaintiff the sum of $12.45 or $12.27. The jury found by their verdict from the evidence that the amount due plaintiff was $13.48. We have no means of knowing exactly how and why they reached this conclusion. The trial judge heard the witnesses testify, saw the invoices, statements, and freight receipts, and refused to set aside the verdict and grant plaintiff a new trial. The credibility of this evidence was properly left to the jury by the court. The testimony was in striking conflict as to the amount due by defendant to the plaintiff. In Cobb v. Malone, 92 Ala. 630, 9 South. 738, the following rule was declared, which was quoted with approval in Holland v. Howard Bros., 105 Ala. 545, 17 South. 36:

"The rule which we have declared applicable to appeals from an order of the trial court, refusing a new trial, is 'that the decision of the trial court will not be reversed unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.'"

When this rule is applied to the testimony in this case, we cannot say the verdict of the jury is wrong and unjust, so we are constrained to let it stand. The court did not err in refusing to grant the motion of plaintiff for a new trial. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.