(98 South. 467)

CLEMENTS v. HODGENS.  (5 Div. 867.)

(Supreme Court of Alabama.  Dec. 20, 1923.)

1. Appeal and error ⬄134(2)—Judge's entry, showing motion for new trial was granted, held not an appealable "judgment or order."

An entry by the presiding judge with reference to plaintiff's motion for new trial, reading: "Judges entries:  March 31, 1923; motion granted and defendant excepts," with signature of the presiding judge, held not a judgment of the court on motion for new trial as required by Code 1907, § 2846, as amended by Acts 1915, p. 722, to support an appeal by defendant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment (In Law).]

2. Appeal and error ⬄123, 792—Appeal from granting motion for new trial not based on order or judgment granting motion will be dismissed.

Under Code 1907, § 2846, as amended by Acts 1915, p. 722, there must be an order or judgment of the trial court granting a motion for new trial before an appeal therefrom will lie; otherwise the appeal will ex mero motu be dismissed by the appellate court.

3. Appeal and error ⬄502(6)—Statement and recital in bill of exceptions held insufficient to present appealable judgment on motion for new trial.

Bill of exceptions reciting that the jury returned a verdict for defendant, and stating that thereupon plaintiff filed motion and spread same upon the motion docket, moving the court to set aside and vacate the verdict and grant to plaintiff a new trial, and that the court granted the motion, set aside the verdict, and granted

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plaintiff a new trial, *held* insufficient to present a judgment of the court on the motion for new trial, upon which an appeal could be based in the appellate court in view of Code 1907, § 2846, as amended by Acts 1915, p. 722.

Appeal from Circuit Court, Chilton County; W. M. Lackey, Judge.

Action by G. W. Hodgens against W. R. Clements. From a judgment or order granting plaintiff a new trial, defendant appeals. Appeal dismissed.

Thos. A. Curry, of Clanton, for appellant.
L. H. Ellis, of Columbiana, for appellee.

In view of the decision, it is not necessary that the briefs of respective counsel be here set out.

MILLER, J. This is a suit for damages brought by G. W. Hodgens against W. R. Clements. There are several counts in the complaint. One claims for an assault and battery, another for an assault with intent to murder, and another for an assault and battery with a hoe. The defendant pleaded not guilty, and issue was joined thereon by plaintiff. The court gave the general affirmative charge with hypothesis in favor of the plaintiff, which was in writing and requested by the plaintiff. The jury returned a verdict in favor of the defendant, a regular judgment thereon in favor of the defendant was rendered by the court on March 30, 1923, and plaintiff was taxed by the court with the cost of the cause, and execution was directed to issue for it.

[1, 2] The plaintiff on the same day, March 30, 1923, filed a written motion to set aside the verdict of the jury, and to grant plaintiff a new trial on various grounds stated therein. This motion appears from the record to have been written on the motion docket. The attorney for defendant was served with a copy of the motion, and we find the following entry by the presiding judge thereon:

"Judges entries: March 31, 1923; motion granted and defendant excepts. W. M. Lackey, Presiding Judge."

This is the only mention made in the record proper as to the action of the court on the motion for new trial. This appeal is prosecuted by the defendant from that judgment. Is it a sufficient judgment of the court on the motion for new trial to support an appeal to this court under section 2846,

Code 1907, as amended General Acts 1915, p. 722? We think it is not; the motion for a new trial is not granted by an order or judgment of the circuit court. There is no order or judgment of the court granting the motion, setting aside the verdict, and setting aside the judgment of the court thereon, and granting the plaintiff a new trial. There is no order or judgment of the court granting the motion for a new trial; this the statute requires before an appeal therefrom will lie to this court. Section 2846, Code 1907, amended Gen. Acts 1915, p. 722; Randall v. Worthington, 141 Ala. 497, 37 South. 594; Dees v. Lindsey Mills Co. (Ala. Sup.) 97 South. 647.[1] For the definition of a judgment of a court, see Bell v. Otts, 101 Ala. 186, 13 South. 43, 46 Am. St. Rep. 117; Plunkett v. Dendy, 197 Ala. 262, 72 South. 525, and Speed v. Cocke, 57 Ala. 209.

This is not a judgment of the court on the motion for new trial, which will support an appeal therefrom by the defendant to this court. There must be such a judgment of the court or the appeal will, ex mero motu, be dismissed by this court. Meyers v. Mortinez, 162 Ala. 562, 50 South. 351; Lathrop Lumber Co. v. Pioneer Lumber Co., 207 Ala. 522, headnote 2, 93 South. 427; Martin v. Ala. Power Co., 208 Ala. 212, 94 South. 76.

[3] The bill of exceptions states, after reciting the jury returned a verdict for the defendant:

"Thereupon plaintiff filed motion and spread same upon the motion docket, moving the court to set aside and vacate the verdict in this cause and grant to plaintiff a new trial in said cause. The court granted said motion, set aside the verdict, and granted plaintiff a new trial in said cause."

This statement and recital in the bill of exceptions is insufficient to present a judgment of the court on a motion for new trial for review, upon which an appeal can be based in this court. Randall v. Worthington, 141 Ala. 497, 37 South. 594; Dees v. Lindsey Mills Co., ante, p. 183, 97 South. 647, h. n. 2.

Let the appeal be dismissed.
Appeal dismissed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

_____

[1]Ante, p. 183.