201 So.2d 100

**STATE of Alabama**

**v.**

**Tom F. GRIFFIN et al.**

**7 Div. 734.**

Supreme Court of Alabama.

June 29, 1967.

H. E. Holladay, Sp. Asst. Atty. Gen., Pell City, for appellant.

John H. Martin, Pell City, for appellees.

COLEMAN, Justice.

The condemnor undertakes to appeal "from that judgment of (sic) order granting a new trial entered by the Honorable F. O. Whitten, Jr., Judge of said Court, on the 17th day of January, 1966."

We have concluded that we must dismiss the appeal because we have not found, in the record before us, a judgment granting a new trial, which will support an appeal.

The record shows:

A judgment of the circuit court dated December 10, 1965;

A motion for new trial presented to the trial judge December 21, 1965;

An endorsement signed by the trial judge which recites that the motion was presented

to him on December 21, 1965, and continued "until the 7th day of January at 10:00 o'Clock A.M., for hearing before the undersigned Judge";

and the following:

"JUDGE'S BENCH NOTES

"STATE OF ALABAMA
Appellant

vs.

"TOM F. GRIFFIN & MARTHA GRIFFIN

CONDEMNATION
2/11/64
APPEAL

"9/16/64 Continued on motion of defendants.

Mr. Griffin has been in hospital recently.

"s/ L. P. WAID, Judge.

"1/17/66 Motion for new trial this day sustained.

"s/ F. O. WHITTEN, Jr."

Under the rulings of this court, the quoted entry from the judge's bench notes is not sufficient to constitute a judgment which will support an appeal.

This court has said:

" . . . . The statement contained in the bill of exceptions that 'the court granted said motion, and set aside the verdict of the jury and granted the defendant a new trial,' is insufficient to present a judgment for review.

"Therefore, the appeal must be dismissed." Randall v. Worthington, 141 Ala. 497, 498, 37 So. 594.

In Clements v. Hodgens, 210 Ala. 486, 98 So. 467, this court held insufficient to support an appeal under § 2846, Code 1907, (§ 764, Title 7, Code 1940), the following entry:

" 'Judges entries: March 31, 1923; motion granted and defendant excepts.

W. M. Lackey, Presiding Judge.' " (210 Ala. at page 487, 98 So. at page 468)

In the last cited case this court cited several authorities which indicate what a proper judgment entry should recite.

A judgment should be complete and certain in itself, and must appear to be the act, the adjudication of the court, and not a memorandum or certified result. Bell v. Otts, 101 Ala. 186, 188, 13 So. 43.

" . . . . the mere copying into what purports or was intended to be a judgment entry of memoranda made on the docket by the judge, such as 'plaintiff's demurrer to fourth, fifth and sixth pleas overruled, and demurrer to other pleas sustained,' is not sufficient as a judgment of the court upon the demurrers. There should in all cases be a formal entry of the submission on demurrers to specified pleadings, a recital of consideration thereof by the court, and a formal adjudication—such as 'It is therefore considered and adjudged by the court that the demurrers,' etc., &c., &c., 'be, and they are hereby, overruled,' or sustained, as the case may be." Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 255, 20 So. 583.

The mere copying of the judge's bench notes in the instant case, into what purports or was intended to be a judgment entry overruling or sustaining a motion for new trial, is not a judgment which will support an appeal under § 764, Title 7, Code 1940, as amended.

There must be such a judgment which will support an appeal, or the appeal will, ex mero motu, be dismissed by this court. Clements v. Hodgens, supra.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.