271 So.2d 851

**Edward F. GOLDSMITH, M.D.,
Health Officer, et al.**

v.

**Willie Morgan JOHNSON.**

Civ. 106.

Court of Civil Appeals of Alabama.

Jan. 10, 1973.

William J. Baxley, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for appellants.

Maurice A. Downing, Mobile, for appellee.

WRIGHT, Presiding Judge.

This action was begun below by petition for writ of mandamus filed by Willie M. Johnson against Dr. Edward F. Goldsmith, Health Officer for Baldwin County, Alabama, and C. K. Zehner, inspector and employee of the Baldwin County Health Department. The prayer of the petition requested an alternative writ of mandamus or a rule nisi directed to Dr. Goldsmith as health officer, and Zehner as an employee of the Health Department, commanding them to forthwith approve Lots 4 and 5 of Wilson Heights subdivision, Third unit, for installation of septic tanks so that residences might be constructed thereon or to appear and show cause why they should not do so.

The petition was filed on December 28, 1971, and the court issued an alternative writ on the same date. Defendants filed a motion to dismiss the petition which was denied by the court on September 15, 1972. This appeal is taken from the denial of the motion to dismiss.

Though appellee has not raised the point on this appeal, we are constrained to take notice ex mero motu that the ruling of the trial court on the motion to dismiss the petition for mandamus is not such a judgment as will support an appeal. Title 7, § 761, Code of Alabama 1940.

Title 7, § 1074, Code of Alabama 1940. Ex parte Register, 257 Ala. 408, 60 So.2d 41; State v. Kemp, 205 Ala. 201, 87 So. 836; Long v. Winona Coal Co., 206 Ala. 315, 89 So. 788.

■■ The motion to dismiss, though not directed to either the petition or the alternative writ, from its content must be construed as directed to the petition. Such pleading, though designated as a motion to dismiss, is in effect nothing more than a demurrer and an intermediate pleading by the defendants. The order denying the motion is not a final judgment on either the merits of the petition or the jurisdiction of the court. Thus there is no provision for

an appeal therefrom. Since the question is as to the jurisdiction of this Court to entertain the appeal, it is the duty of this Court to dismiss the appeal ex mero motu. Long v. Winona Coal Co., supra; State v. Griffin, 281 Ala. 227, 201 So.2d 100. The appeal will be dismissed.

Appeal dismissed.

BRADLEY and HOLMES, JJ., concur.