James W. Cook et al., Appellants, *v.* Marvin Holt, Respondent.

The proposition that a bailee cannot deny the title of his bailor does not apply to a case where the bailee has been compelled by action, of which the bailor had notice, to pay for the property to one having the true title.

(Argued September 26, 1871; decided January term, 1872.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial district, affirming a judgment in favor of defendant entered upon the report of a referee.

Action for the recovery of personal property. The referee found the following facts:

On the 17th of June, 1856, a written contract was made between George and Isaiah Weaver of the one part, and

Russell, Allen & Martin of the other, by which the latter agreed to sell the former certain standing timber, the former to pay twenty-five dollars down, and twenty-five dollars October first, then next, and the remainder for the timber manufactured on or before April first, next ; two-thirds of the timber to be cut during the next winter, the balance the winter following ; to be paid for April 1st, 1858. The Weavers paid the twenty-five dollars down, and twenty-five dollars October first, and cut and manufactured into timber a large quantity. Forty-two sticks of timber, the subject of this action, they contracted with defendant to convey from De Kalb, where they lay, to Ogdensburgh. Before removal, Russell, Allen & Martin asserted their title to them, notified defendant thereof, and forbid him to remove them. He, however, did remove them to Ogdensburgh. Russell et al. brought suit against defendant and John L. Cook, one of the plaintiffs herein, for conversion, and recovered a judgment against defendant for the value of thirty-two sticks. There was a verdict in the action in favor of Cook. Defendant paid the judgment, and purchased of Russell, Allen & Martin their interest in the timber remaining. After the arrival of the forty-two sticks in Ogdensburgh, plaintiffs purchased them of the Weavers and demanded them of defendant, who notified them of the claim of Russell et al., and of the commencement of the suit against him, and refused to deliver without being indemnified, which plaintiffs refused.

The referee found, as conclusions of law, that the Weavers had no title to the timber, and could convey none to plaintiffs, and that the latter had no title or right of possession ; that by the payment of the judgment and the purchase of the interest of Russell et al., defendant acquired title and right of possession, and that defendants were entitled to judgment for return, etc., and judgment was entered accordingly.

*L. Hasbrouck, Jr.,* for the appellants. The bailor cannot dispute the title of his bailee. (*Stonard* v. *Dunkin,* 2 Camp., 344 ; *Hannan* v. *Anderson,* 2 Camp., 243 ; *Hall* v. *Griffin,*

id., 246; *Dixon* v. *Hamond*, 2 B. & A., 310; *Marvin* v. *Ellwood*, 11 Paige, 366; Story's Eq., § 817; *Vosburgh* v. *Huntingdon*, 15 Abb., 254; *McGaw* v. *Adams*, 14 How., 461, 463.)

*Myers & Magone* for respondent.

Gray, C.   The referee has found, upon sufficient evidence, that the Weavers, under whom the plaintiffs claim title to the timber in question, failed to make or tender the payments necessary to divest Russell and others of their title to it.   The proposition that a bailee cannot deny the title of his bailor has no application to a case like the one under consideration, in which the bailee has been compelled by action, of which the bailor had notice, to pay for the property to one having the true title.   The objection to the question put to the defendant as a witness upon the stand, in regard to what Weaver told him as to where the timber came from, was not well taken.   It was not put upon the ground that Weaver had not, when a witness, been asked whether he had told defendant it came from Russell & Allen's land, but upon the general ground that his declarations were not evidence.   He had, as a witness, stated that some of it came from Russell & Allen's, and some of it from other lands; and hence it was that his declarations to the defendant, that he got it from Russell & Allen's land, were evidence for the purpose of discrediting his statement that it came from other land as well as the land of Russell & Allen.   The evidence was also admissible upon the ground that it was competent to prove these declarations made in the presence of one of the plaintiffs.   These were the only questions presented not covered by the findings of the referee, which, as we have said, were warranted by the evidence; his legal conclusions were a necessary consequence.   The judgment should be affirmed.

All concur.

Judgment affirmed.