# Powell *v.* Robinson & Ledyard.

*Trover against Warehousemen, for Conversion of Cotton.*

1. *Bailment; duty and liability of bailee at common law, on claim by third person.*—At common law, a bailee could not, as a general rule, dispute the title of his bailor, and his duty was to restore the property on the termination of the bailment; but, having no higher or better title than his bailor, he might lawfully deliver the property to the true owner, assuming thereby the *onus* of proving, as against the claim of his bailor, the paramount title of the person to whom he delivered it.

2. *Same; action and judgment against bailee.*—The bailee might refuse the demand of the adverse claimant, and await an action at law by him; and on such action being brought, he might notify his bailor, and require him to defend the suit; in which case, the bailor would be bound by the judgment rendered, whether he appeared and defended or not; but, if he was not notified, and did not appear, his rights would not be affected by the judgment.

3. *Statutory provisions for protection of bailee.*—By express statutory provision (Sess. Acts 1880–81, p. 121), when a person has possession of personal property to which he asserts no claim, and which is claimed by two other persons adversely to each other, he may notify each of them of the claim of the other, and require them to litigate their respective rights between themselves; and such notice is declared to be a full defense against any action brought against him by either claimant. But, while this statute arms the bailee with a full defense against an action brought against him by a person claiming adversely to his bailor, he waives the benefit of its provisions, if he neither defends the suit by showing that he has given the statutory notice, nor notifies his bailor of the institution of the suit; and having thus waived the protection of the statute, he is remitted to his common-law liability as bailee, and his surrender of the property under the judgment recovered against him is no defense to a subsequent action by his bailor.

[Powell v. Robinson & Ledyard.]

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN. P. HUBBARD.

This action was brought by S. H. Powell against Robinson & Ledyard, warehousemen in the city of Montgomery, to recover damages for their alleged conversion of two bales of cotton, which the plaintiff had stored with them, and which they afterwards surrendered and delivered under a judgment recovered against them by W. H. Merritt. The facts of the case, as agreed on at the trial, are thus stated in the bill of exceptions; "In November, 1883, the plaintiff stored with said defendants, as warehousemen, two bales of cotton, marked *S. H. P.*, for account of plaintiff. On the same day, W. H. Merritt notified defendants that he claimed said cotton as his own, adversely to said Powell; while said Powell notified them, at the same time, that he claimed said cotton adversely to said Merritt. Thereupon, on the same day, defendants notified plaintiff and said Merritt, each, of such claims, by serving upon each of them the notices hereto attached as exhibits, marked *A*. and *B*. On the 19th December, 1883, said Merritt brought two suits against defendants for said cotton, before Jno. B. Fuller, a justice of the peace in and for said county, and recovered judgments in said suits; and a writ of possession was thereupon issued on said judgments, and placed in the hands of a proper officer, to whom defendants delivered the cotton under said writ. (A copy of the proceedings before said justice of the peace, as exhibit *C*, is hereto attached.) Defendants gave no notice to plaintiff of said suits being brought, or that they were pending; and plaintiff had no notice of said suits, or either of them, until after the cotton was delivered as aforesaid. The evidence tended to show that the cotton was the property of the plaintiff, and that it was worth $50 per bale. This was all the evidence; and the court thereupon charged the jury, at the request of the defendants in writing, that they must find for the defendants, if they believed the evidence." The plaintiff excepted to this charge, and took a nonsuit; and he now assigns said charge as error.

R. M. WILLIAMSON, and J. T. HOLTZCLAW, for appellants, cited Story on Bailments, § 414; *Pattison v. Wallace*, 1 Stew. 40; *Jones v. Fort*, 36 Ala. 449; *Spence v. Mitchell*, 9 Ala. 744; *Lubbock v. Inglis*, 1 Stark. 83; Bigelow on Estoppel, 384; 48 N. Y. 6; 43 Geo. 167.

ARRINGTON & GRAHAM, *contra*.—The statute approved March 1st, 1881, for the protection of persons in the possession of personal property, is a defense to this action.—Sess. Acts 1880–81, p. 121. The defendant gave the statutory notice to the adverse claimants, which, as the statute declares, " shall be a full

defense against any action brought against him by either of said adverse claimants." The plaintiff had notice of Merritt's adverse claim, and took no steps to vindicate his rights ; and the defendant might well conclude, after the lapse of nearly a month, that he yielded to Merritt's superior claim. The notice operates as an interpleader suit, and authorizes the person in possession to yield to the claim of him who establishes his right by judgment.

CLOPTON, J.—The principles which, at common law, govern the relation of bailor and bailee, applicable to this case, are well settled. The bailee can not, in general, dispute the title of his bailor, and his duty, on the termination of the bailment, is to restore the property to the person from whom he received it ; and if he delivers it, by negligence or design, to another, who is not entitled to it, it amounts to a conversion, for which he is responsible. Where he has notice that the property does not belong to his principal, a delivery to him will be a conversion, for which the true owner can hold him liable. The bailee has no higher or better right than his bailor, and is not exempted from liability to the true owner, because he holds the property as bailee, claiming no title. In such case, he may refuse to deliver it to his principal, and surrender it to the rightful claimant, but he assumes the burden of establishing a paramount title.—*Crosswell v. Lehman, Durr & Co.*, 54 Ala. 363 ; *Calhoun v. Thompson*, 56 Ala. 166.

When there are adverse claims, and the bailee can not compel them to interplead, he must, at common law, defend himself as well as he may. If he is unwilling to undertake the *onus* of proving a superior title to his principal, he may retain possession, and await an action by the adverse claimant. On such action being brought, he may give his bailor notice of its pendency, and require him to defend his title. A judgment against the bailee, whether the bailor appears, or refuses to defend after notice, will be a sufficient defense in any subsequent action by the bailor. The rule, that the bailee can not dispute the title of his bailor, does not apply.—*Cook v. Holt*, 48 N. Y. 275 ; Schoul. Bailm. 69. The judgment, in such a case, is conclusive of the wrongful delivery of possession to the bailee, and of the superiority of the title of the adverse claimant.

In order that a judgment may operate a bar, or an estoppel conclusive on the party sought to be bound, he must have been a party to the suit, or in privity with a party, or have possessed the power of making himself virtually a party in the larger legal sense,—"having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if any appeal lies." Where there is

privity of relation, as bailor and bailee, it is sufficient, if the party voluntarily appears and makes defense, or has an opportunity to present and litigate his claim.—*McClelland v. Ridgeway*, 12 Ala. 482; 1 Greenl. on Ev. § 535; *Tarleton & Pollard v. Johnson*, 25 Ala. 300. A judgment of recovery against a bailee, in favor of an adverse claimant, without the bailor appears, and without an opportunity to appear and defend, is *res inter alios*. To impart sufficiency to the plea of former recovery, it is necessary to aver that the plaintiff had notice of the pendency of the suits brought by the adverse claimant against the defendants.

It is contended that the plea is sufficient, and that the charge of the court should be sustained; it being averred, and shown by the agreed statement of facts, that defendants had complied with the provisions of "An act to protect persons in possession of personal property to which they claim no title, against other persons claiming title thereto adversely to each other."—*Acts 1880-1*, p. 121. The statute provides: "That whenever personal property, in possession of any person claiming no title thereto, is claimed by two other persons asserting title adversely to each other, the person in possession may give notice in writing, to each of the claimants, that he disclaims title, and that the other claimant does claim title to such property, and in such notice demand that such claimants shall litigate between themselves their rights to such property. Such notice shall be a full defense to the person in possession, against any action brought against him by either of said claimants, on account of such property, and against any liability for the loss, injury, or destruction thereof, except when such occurs from a failure to take ordinary care of such property." The legislative intent was to provide for a bailee full protection against the alternative of having to yield to a superior title, and assuming the burden of establishing it, or of incurring the risk of a double recovery. The statute does not abrogate or impair the rights of the bailor, or the duties of the bailee, other than to give to the bailee the right to require the claimants to interplead at law. The bailee is not justified in surrendering the property to either of the claimants. The statute contemplates, that he shall retain possession until there is an interpleader, and deliver possession to the claimant who gives the required bond; and if neither gives the bond, it is his duty to retain the property to abide the result of the suit. The bailee violates his duty, when he delivers the property to the adversary claimant, and thus places his bailor at a disadvantage, and thereby puts himself without the pale of the statutory protection. Such act amounts to a conversion, and prevents the further operation of the statute in his behalf. The policy and effect of the statute will be

[Jones v. Anderson.]

defeated, if, after giving the notices authorized by the statute, the bailee is allowed to conspire or collude with either claimant, to put the property beyond the reach of the other. The bailee is required to occupy a neutral position, and to keep possession until, under the provisions of the statute, he can deliver the property to the proper party. To enable him to fulfill this duty, the statute provides that the notice, when properly given, shall be a full defense to any action brought against him by either claimant.

When the defendants gave the notices to the plaintiff, their bailor, and to Merritt, the adverse claimant, they armed themselves with complete protection against a subsequent suit. When Merritt brought the actions against them, it was their duty to have availed themselves of the statutory defense and protection, or, if they did not intend to do so, to have given the plaintiff notice of the suits. Suffering judgments to go by default, and surrendering possession of the cotton thereunder, was negligence, for which they are liable to the plaintiff, unless Merritt was the true owner. By such conduct, they defeated the plaintiff's right of first giving bond, and obtaining possession of the cotton. A surrender of possession, under such circumstances, is the equivalent of a voluntary delivery. The defendants waived the protection afforded by the statute, and are remitted to their common-law liability, and the burden it imposes. The *onus* is on them to establish the superior title of Merritt.

Reversed and remanded.