# Gassenheimer Paper Co. *v.* Marietta Paper Manufacturing Co.

## *Action of Trover.*

1. *Appeal; practice in Supreme Court; preparation of bill of exceptions.*—Where the paper copied into the transcript of a case on appeal to the Supreme Court as a bill of exceptions, contains a statement of everything that was done on the trial and sets forth every word that was uttered by witnesses, attorneys and judge in the course of the trial, and in the preparation of what purports to be the bill of exceptions there is shown no effort to present a statement of the testimony or its tendencies, as required by rule 33 of the circuit and inferior court practice, (Code, p. 1201), but all rulings both for and against the appellant and all the remarks of the presiding judge and arguments of counsel on such rulings are set out verbatim and with particularity, there is such a flagrant violation of the rule of practice that such paper will be disallowed as a bill of exceptions, and as a report of the record; and when in such case there is no question reserved on the record proper of the trial court, the judgment will be affirmed.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

GRAHAM & STEINER, for appellant.

LOMAX, CRUM & WEIL and W. W. PEARSON, *contra.*

McCLELLAN, C. J.—Action of trover by the Marietta Paper Manufacturing Co. against the Gassenheimer Paper Co. There were jury and verdict for the plaintiff, and from the judgment thereon the defendant appeals to this court. There was a stenographic report of the

trial in the city court. That report written out in full, and signed by the presiding judge, has been dumped upon us as and for a bill of exceptions in the most palpable and flagrant violation of rule 33 of circuit and inferior court practice, prescribing the frame and in a general way the contents of bills of exceptions. The paper which is copied into this transcript as a bill of exceptions contains a statement of everything that was done on the trial and sets forth every word uttered by everybody, witnesses, attorneys, judge, etc., etc., while it was in progress (except arguments of counsel to the jury and a part of the general charge given *ex moro motu* by the court). No effort is made to present a statement of the testimony or its tendencies, as the rule requires, but it is given *verbatim* as it comes from the mouths of witnesses with burdensome iteration and repetition. Not only are the objections to testimony stated, but the arguments of counsel upon the objections are set forth at length and in full; and not only are shown the rulings of the court, but every remark of the presiding judge is set out with care and particularity. Not content with setting forth rulings against the defendant, who appeals, and his exceptions, every ruling against the plaintiff, who was successful and of course does not appeal, is set down, as also the grounds upon which such ruling was made, and the plaintiff's exception thereto, along with the suggestions, remarks and arguments of counsel thereon. The result is that we have here a conglomeration of matter covering more than seventy closely (and badly) typewritten pages through which we are asked to grope to get at the points reserved for our consideration, all of which might easily and much more intelligibly have been presented in twenty pages. We decline to do it. The violation of the rule referred to is too bald, too flagrant, to be allowed to pass condoned. And we avail ourselves of and exercise the power reserved to this court in the last clause of the rule, and disallow the paper copied into the transcript for a bill of exceptions "as not a bill of exceptions, and as no part of the record," (Code, p. 1201, rule 33) ; and, there being no question re-

served on the record proper of the trial court, the judg-
ment must be affirmed.

Affirmed.