# Southern Railway Co. *v*. Jackson.

*Action by Employee against Railroad Company to recover Damages for Personal Injuries.*

1. *Bill of exceptions; when stricken from the file on appeal.*—Where a bill of exceptions, copied in the transcript in a case on appeal contains a verbatim report of the examination of all the witnesses, and further contains much that transpired during the trial, such as remarks of the judge and of counsel, questions not answered and rulings not excepted to, which was wholly unnecessary to be considered by the appellate court in passing on the questions presented for review, there is such a flagrant violation of the rule of practice regarding the preparation of bill of exceptions, (Code, p. 1201, Rule 33), that such bill of exceptions will ,upon proper motion made,. be stricken from the transcript.

2. *Action against railroad company for negligence; sufficiency of complaint.*—In an action against a railroad company by an employe to recover damages for personal injuries sustained while the plaintiff was in the employ of the defendant, a complaint which avers that at the time of receiving the injuries sustained the plaintiff was in the discharge of his duties as conductor of a switch engine, and while assisting in getting out cars from the yard of the defendant, then avers that after

said cars had been coupled up, he gave a signal to the engineer to pull out, and then "got on a ladder on the end of one of the cars at or near the rear end of said train of cars, preparatory to riding to another part of the yard of the defendant, as it was his duty to do to discharge his duties as such conductor, * * * whereupon said engineer [naming him] negligently did something unknown to plaintiff, but known to such person, which caused said car, upon which plaintiff was holding to by the ladder thereon, to give a violent and sudden jerk or lurch which caused plaintiff to be jerked or thrown off of said car and ladder and under said train of cars, whereby he was injured," sufficiently states a cause of action.

3.  *Same; contributory negligence; sufficiency of plea.*—In an action against a railroad company by an employe to recover damages for personal injuries, a plea which avers that "the plaintiff's own negligence proximately contributed to the injuries complained of," is too general and subject to demurrer. A plea of contributory negligence should aver facts constituting the contributory negligence interposed as a defense.

4.  *Pleading and practice; pleading over after. demurrer sustained; error without injury.*—Where it appears that the defendant, after demurrers were sustained to his original plea, had, under an amended plea, the benefit of all defenses he was entitled to make under the original plea, the rulings of the court in sustaining the demurrer to the original plea, if erroneous, is error without injury.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN PELHAM.

This was an action brought by the appellee, J. M. Jackson, against the Southern Railway Company, to recover damages for personal injuries.

The complaint as amended contained six counts. Each of the counts of the complaints averred that the plaintiff was in the employment of the defendant and at the time of receiving the injuries complained of was in the discharge of his duties as conductor of a switch engine which was being operated in the defendant's yard; that the "injuries were caused by reason of the negligence of Luke Austin, a person who was in the service or employment of the defendant as engineer, and who had charge or control of the switch engine of de-

fendant in the yards of the defendant." The specifications of negligence in the counts of the complaint were as follows: "Plaintiff, while conductor of said switch engine, and in the discharge of his duties as such conductor, was assisting in getting out local cars, and after said train of cars had been coupled up he gave the signal to pull out (*and he then got on a ladder on the end of one of the cars at or near the rear end of said train of cars*) preparatory to riding to another part of the yards of defendant as it was his duty to do to discharge his duties as such conductor of said switch engine at that place, whereupon said (Luke Austin, the) engineer negligently did something unknown to plaintiff, but known to such person, which caused said car upon which plaintiff was holding to by the ladder thereon, to give a violent and sudden jerk or lurch, which caused plaintiff to be jerked or thrown off of said car and ladder and under the said train of cars, whereby he was injured as aforesaid by having his right leg cut off below the knee and his left leg run over, injuring, disabling, and maiming him for life, as aforesaid." The plaintiff sued for $50,000 damages.

The defendant filed the plea of the general issue and in addition to several other special pleas setting up the contributory negligence on the part of the plaintiff, the defendant filed the following special pleas (the portions of the pleas in parentheses being added by amendment): "Second. For further answer to the complaint as amended and separately to each count thereof the defendant says that the plaintiff's own negligence proximately contributed to the injuries complained of."

"Seventh. For further answer to the complaint as amended and separately to each count thereof, defendant says that the plaintiff's own negligence contributed proximately to the injuries complained of, in this, that the plaintiff carelessly and negligently undertook to board a car on a moving train by putting only one hand and foot on the ladder of the car, and doing so from the platform of a depot near by, which was hazardous and dangerous method of boarding said train. (And de-

fendant avers that in negligently assuming such dangerous and hazardous position, plaintiff thereby contributed proximately to the injuries mentioned in the complaint.)

"Eighth. For further answer to the complaint as amended and separately to each count thereof, the defendant says that the plaintiff's own negligence proximately contributed to the injuries complained of, in this, that at the time said injuries were received the plaintiff was foreman in charge of defendant's train mentioned in the complaint, and signalled the engineer to start said train, and after boarding the same, and while said train was in motion, was standing between two cars thereof, holding with the left hand a rung of the ladder constructed and designed to enable employes to mount to the top of the cars, with the right hand pressed against one of said cars of said train, which said position was dangerous and hazardous and rendered him liable by any shock or jerk in the operation of the train to be thrown between the cars and injured; (and defendant avers that such dangerous and hazardous position so assumed by the plaintiff did proximately contribute to cause said injuries; and defendant avers that the plaintiff thereby, by his own negligence, proximately contributed to the injuries mentioned in the complaint."

To the second plea the plaintiff demurred upon the ground that the act constituting the plaintiff's negligence was not sufficiently set forth. To the seventh and eighth pleas, as originally filed, the plaintiff demurred upon the following grounds: 1. That it was not shown that what the plaintiff did as mentioned in said pleas was the proximate cause of his injuries. 2. It is not averred that the plaintiff's injuries resulted from the doing what he alleged in said pleas to have done. The demurrers to the second, seventh and eighth pleas, as originally filed, were sustained. Thereupon the defendant amended the seventh and eighth pleas by the addition of the portion thereof included in the parentheses. The plaintiff refiled the same demurrers to the seventh and eighth pleas, as amended, and these demurrers were overruled.

On the present appeal it is unnecessary to set out in detail the facts of the case.

There were verdict and judgment for the plaintiff, assessing his damages at $3,000. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

In this court a motion was made by the plaintiff to strike the bill of exceptions from the file on the ground that it was in violation of Rule 33 of the Circuit Court Practice, and was not prepared as was required by the rulings of this court.

KNOX, BOWIE & BLACKMON, for appellant.

HOKE SMITH, J. J. WILLETT and H. C. PEEPLES, *contra,* cited *H. & A. B. R. R. Co. v. Miller,* 120 Ala. 535; *Railroad Co. v. Wilmer,* 97 Ala. 168.

SHARPE, J.—Following precedents set in *Gassenheimer v. Marietta Paper Co.,* 127 Ala. 183, and *L. & N. R. R. Co. v. Hall,* 131 Ala. 161, the motion to strike the bill of exceptions from the record of this cause will be granted. The bill violates rule 33 of circuit court practice, in that it contains much of what is in substance repitition of testimony besides much that is not testimony such as remarks of the judge and of counsel, questions not answered and rulings not excepted to and which are wholly unnecessary to be considered in passing on the questions presented for review. It seems to contain a verbatim report of the examination of all the witnesses so that about seventy typewritten pages of the transcript are employed to present a case wherein the facts are comparatively few.

In the assignments of error which are based on the record proper there is nothing to warrant a reversal of the judgment. After the amendments allowed, each count of the complaint which was demurred to averred with sufficient particularity facts showing a cause of action under subdivision 5 of section 1749 of the Code. See *Highland, etc., Co. v. Miller,* 120 Ala. 538.

Plea 2 is bad for generality.—*L. & N. R. R. Co. v. Markee*, 103 Ala. 160.

By pleas 7 and 8 as amended defendant was given the benefit of all defenses it was entitled to make under those pleas as they stood 'before the amendment, and, therefore, it was not prejudiced by the judgment sustaining demurrers to the pleas as originally filed. *Phoenix Ins. Co. v. Moog,* 78 Ala. 284.

Affirmed.