# Lucas *v.* Mays, *et al.*

### *Trespass.*

(Decided Nov. 14, 1911.  56 South. 593.)

*Bill of Exceptions; Contents; Stenographic Report.*—A bill of exceptions which shows on its face to be a stenographic report of the trial, and in the usual stenographic form is violative of rule 32, Supreme Court Practice, and will be stricken on motion.

32 CA.

[Lucas v. Mays, et al.]

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Angeline Mays and another against Nixon Lucas for trespass. Judgment for plaintiff and defendant appeals. Bill of exceptions stricken on motion and cause affirmed.

R. J. HOOTEN, for appellant. No brief reached the Reporter.

STELL BLAKE, for appellee. The bill of exceptions should be stricken for the reasons stated in the motion. —*Hester v. Cantrell,* 53 South. 1099; Rule 32, S. C. Pr.

PELHAM, J.—Appellees' motion to strike the bill of exceptions in this case is well taken. Under rule 32 (Code 1907, p. 1526), the paper incorporated in the record, purporting to be a bill of exceptions, is disallowed and stricken from the record. The paper expressly purports on its face to be "Stenographic Report of Trial," and contains nothing else, other than a report of the trial in the usual stenographic form, and, failing to conform to the rule, does not constitute a proper record. *Hester et al. v. Cantrell,* 169 Ala. 490, 53 South. 1009; *Gassenheimer & Co. v. Marietta Co.,* 127 Ala. 183, 28 South. 564; *So. Ry. Co. v. Jackson,* 133 Ala. 384, 31 South. 988; *Woodward Iron Co. v. Herndon,* 130 Ala. 364, 30 South. 370.

The paper purporting to be a bill of exceptions, not complying with the rules and forming no part of the record, having been stricken, and there being no error assigned as to rulings on the record proper, the judgment of the lower court will be affirmed.

Affirmed.