# Clancy *v.* Taylor, *et al.*

## *Assumpsit.*

(Decided April 8, 1915. 68 South. 522.)

1. *Bill of Exceptions; Stenographic Report; Striking Out.*—Where the paper signed by the trial court, and set out in the record as the bill of exceptions, was merely a full stenographic report of the trial, not showing that any exceptions was reserved to the action of the court in rendering judgment for the defendant, the only question sought to be reviewed, the motion to strike such bill of exceptions from the record must be granted, under rule 32, circuit court practice.

2. *Same; Record; Contents.*—Where the record shows no judgment on demurrers to the pleas, assignments of error predicated on the overruling of such demurrers cannot be considered.

[Clancy v. Taylor, et al.]

3. *Same; Harmless Error; Pleading.*—Where special replications merely traversed some of the averments of the plea, and the facts averred were admissible under the general traverse of the general replication, the sustaining of demurrers to such special replication was not prejudicial error.

4. *Pleading; Replication.*—To be good on demurrer, a replication must exclude every intendment that would render it insufficient as a complete answer to the positive averments of the plea.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by John M. Clancy against James P. Taylor and others. Judgment for defendants, and plaintiff appeals. Affirmed.

The action was on the common counts, to which several pleas were filed, among which is plea 2, as amended:

On, to wit, July 13, 1913, defendant was contemplating a dissolution of the partnership then existing between defendant James P. Taylor and Grover C. Clancy, doing business at Pritchard, Ala., and purchasing the interest of said Clancy therein, and assuming the indebtedness and liability of said firm; and, for the purpose of determining upon what terms he would be willing to purchase said interest, he undertook to ascertain in what amount, if any, the value of the assets of the firm exceeded its liabilities. Plaintiff, knowing the purposes thereof, assisted defendant Taylor in ascertaining the value of its assets and the extent of its liabilities. Defendant Taylor did not know that plaintiff claimed the firm was indebted to him, as was alleged in the complaint, and did not include such debt among the liabilities of the firm, which fact was known to plaintiff. While plaintiff was so assisting the said James Taylor, said Taylor asked plaintiff if he knew of any debts of the partnership that plaintiff had not informed said Taylor of, and plaintiff replied that there were none, and defendant relied upon the said statement of plaintiff and purchased the interest of said firm, and assum-

ed its liability upon terms which he would not have purchased the same had he been informed by plaintiff that said firm was indebted as alleged in the complaint.

The third replication is that plaintiff says that the transaction out of which the indebtedness sued upon arose was had at the request of said Taylor.

JESSE F. HOGAN, for appellant. There is an imperative duty to speak before an estoppel can arise, and an estoppel is never raised until there is a certainty to every intent.—*Ware v. Cowles,* 24 Ala. 446; *Sullivan v. L. & N. R. R. Co.,* 128 Ala. 77. Notice to one partner relative to any matter within the ordinary scope of the firm's business is notice to all the partners.—*Overall v. Taylor,* 99 Ala. 12; 30 Cyc. 530. Borrowing money is within the ordinary scope of the business.—*Bank of Guntersville v. Webb,* 108 Ala. 132, 30 Cyc. 503. The appellant was under no duty to assert his claim, unless appellee was ignorant thereof, or unless he knew that it was not included in the partnership settlement.—*Crosthwaite v. Lebus,* 146 Ala. 525, 16 Cyc. 1726.

HARRY H. SMITH and MELL A. FRAZIER, for appellee. The bill of exceptions should be strickened, because a mere stenographic report of the trial.—Rule 32 Circuit Court practice; *Irby v. Kaigler,* 6 Ala. App. 91; *Hester v. Cantrell,* 169 Ala. 490. There was no error injurious to plaintiff in the ruling on the pleading.—*Shannon v. Lee,* 178 Ala. 463; *Bowen v. Pa. Coal Co.,* 178 Ala. 463. No other questions are presented on the record.

BROWN, J.—The appellees before submission of this case entered a motion to strike the bill of exceptions because it was prepared in violation of rule 32, Circuit and Inferior Court Practice (Code 1907, vol. 2, p. 1526),

[Clancy v. Taylor, et al.]

and the case was submitted on this motion and on the merits.

The paper signed by the trial judge and set out in the record as a bill of exceptions is nothing but a full stenographic report of the trial, embodying the questions of counsel and the answers of the witnesses, as well as the remarks made by the court and counsel as the trial proceeded. While the only question sought to be reviewed on the bill of exceptions is the action of the court in rendering judgment for the defendant Taylor, the bill does not show that an exception was reserved to this action of the court. Under the uniform rulings on this question, the motion of appellees to strike from the record the stenographic report of the trial must be granted. —*Southern Ry. Co. v. Jackson,* 133 Ala. 384, 31 South. 988; *Gassenheimer Paper Co. v. Marietta Paper Co.,* 127 Ala. 183, 28 South. 564; *Hester v. Cantrell,* 169 Ala. 490, 53 South. 1009; *Lucas v. Mays,* 2 Ala. App. 497, 56 South. 593; *Irby v. Kaigler,* 6 Ala. App. 91, 60 South. 418; *Owens v. State,* 11 Ala. App. 309, 66 South. 852.

The record shows no judgment on the demurrers of the plaintiff to the defendants' second amended plea, and the assignments of error predicated on the action of the court in overruling these demurrers cannot be considered.—2 Mayf. Dig. 183, § 42.

The plaintiff's replications 2, 3, and 4, to plea 2 as amended, merely traverse some of the averments of the plea, and the facts therein averred were admissible under the general traverse afforded by the general replication, and no prejudicial error is shown by the rulings of the trial court on the demurrers to these replications. —*Black, et al. v. Smith, et al.,* 179 Ala. 397, 60 South. 154; *Bessierre v. Ala. City, G. & A. R. R. Co.,* 179 Ala. 317, 60 South. 82; *Southern Cotton Oil Co. v. Harris,* 175 Ala. 323, 57 South. 854; *B. R. L. & P. Co. v. Bush,*

175 Ala. 49, 56 South. 731; *B. R. L. & P. Co. v. Simpson,*
177 Ala. 475, 59 South. 213.

The fact set up in the third replication that the trans-
action out of which the indebtedness due the plaintiff
arose resulted from a request of the defendant does not
necessarily show that the indebtedness existed at the
time of the transaction between the defendant Taylor,
Grover C. Clancy, and the plaintiff, as set up in the plea,
and all that the replication avers may be true and yet
the indebtedness could have been liquidated without
Taylor's knowing of it. The replication, to be good,
must exclude every intendment that would render the
replication insufficient as a complete answer to the plea,
and the averments of this replication do not meet the
positive averment in the plea that the defendant Tay-
lor did not know that the indebtedness, the basis of the
suit, existed until the suit was filed.—*Scharfenburg v.
Town of New Decatur,* 155 Ala. 654, 47 South. 95.

This disposes of all questions presented, and, there
being no reversible error in the record, the judgment
must be affirmed.

Affirmed.