# Turner *v.* Thornton.

## *Assumpsit.*

(Decided April 22, 1915.  Rehearing denied June 3, 1915.
68 South. 813.)

1. *Bill of Exceptions; Form; Contents; Striking.*—Where the bill of exceptions is nothing more than a stenographic report of the trial setting out the evidence in extenso with questions and answers, such bill will be stricken on motion unless it appeared that the testimony could not be condensed into a general statement, and its setting out in extenso was required.

2. *Same.*—Under Rule 32, Supreme Court, a bill of exceptions violating said rule may be stricken ex mero motu, and without motion or insistence of appellee.

3. *Appeal and Error; Review; Bill of Exceptions.*—Where all the errors assigned are predicated upon the bill of exceptions, which is stricken because violating rule 32, there is nothing for review, and the cause will be affirmed.

APPEAL from Washington Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by I. M. Turner against W. J. Thornton. Judgment for defendant and plaintiff appeals. The bill of exceptions stricken and the cause affirmed.

Transferred from Court of Appeals under the act creating said court.

GRANADE & GRANADE, for appellant.

JOE M. PELHAM, JR., for appellee.

THOMAS, J.—This cause comes to us by transfer from the Court of Appeals.

The bill of exceptions, containing the stenographer's report of the trial in the circuit court, embraces 86 pages of the record. It would be fortunate if trial judges could see their way clear not to sign, as a bill

of exceptions, the stenographic report of a trial, setting out the evidence in extenso.

(1) Appellee's counsel insists, in his brief, that the bill of exceptions be stricken under rule 32, Code of 1907, p. 1526.—*Southern Railway Co. v. Jackson*, 133 Ala. 384, 31 South. 988; *Gassenheimer Paper Co. v. Marietta Paper Co.*, 127 Ala. 183, 28 South. 564; *Hester v. Cantrell*, 169 Ala. 490, 53 South. 1009. In the preparation of the bill of exceptions, the evidence advanced, and its tendencies, should be set out in narrative form. The provision of the rule that bills of exceptions should contain a statement of the testimony in extenso, when the general affirmative charge has been asked, does not authorize the setting forth of the stenographic report of questions and answers, but only the statement of the testimony in narrative form.—*Woodward Iron Co. v. Herndon*, 130 Ala. 364, 30 South. 370. Where the testimony could not be condensed into a general statement, the bill will not be stricken.—*Boyett v. Stand. Chem. & Oil Co.*, 146 Ala. 554, 41 South. 756. When the bill of exceptions expressly purports to be, as this is, nothing other than the stenographic report of the trial below, it must be stricken on motion of appellee, is the rule declared by the Court of Appeals. —*Lucas v. Mays*, 2 Ala. App. 497, 56 South. 593; *Irby v. Kaigler*, 6 Ala. App. 91, 60 South. 418; *Owens v. State*, 11 Ala. App. 309, 66 South. 852.

(2) This court has expressly reserved the right to strike such bills of exceptions without motion or insistence of appellee.—*Hester v. Cantrell, supra; Gassenheimer Paper Co. v. Marietta Paper Co., supra.* However willing the justice writing the opinion in any given case may be to disregard the violation of rule, and decide the case on the facts, the justice of Judge Pelham's statement in *Irby v. Kaylor, supra,* must be admitted

that: "When once an exception is made in the enforcement of a rule, it is at once seized and insisted upon as the governing rule, and each party affected has no difficulty in persuading himself that his case is within the exception, and thinks it unjust and a hardship to have the rule applied to his particular case. For this reason exceptions should be made only when the distinction and reason for doing so is plain and indutiable."

No such exception to the rule is presented in this instance.

(3) The case is affirmed, because all errors assigned are predicated upon the bill of exceptions, which, on insistence of appellee, is stricken because in violation of rule 32.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.