(80 South. 164)

## J. H. ARNOLD & CO. v. PINCKARD & LAY. (7 Div. 497.)

(Court of Appeals of Alabama. June 11, 1918. On Rehearing June 29, 1918.)

### On Rehearing.

1. APPEAL AND ERROR ☞655(2)—BILL OF EXCEPTIONS—SUFFICIENCY.

The bill of exceptions, though containing a full stenographic report of the trial below, was not subject to motion to strike as in violation of circuit court practice rule 32 (Code 1907, p. 1526), where the matters set out were necessary to furnish the Court of Appeals a true history of the trial in the lower court and to make clear the exceptions reserved for review.

2. SALES ☞235(4)—RECORD AS NOTICE—MISTAKE IN RECORD.

Although Code 1907, § 3386, provides that conveyances of personal property are inoperative against creditors and purchasers without notice until recorded, and a subsequent purchaser has no notice of anything not contained in the record, yet, by reason of section 3369, providing that a conveyance is operative as a record from the day of its delivery to the judge of probate, a mistake in recording a mortgage does not prejudice the rights of mortgagee as against a subsequent purchaser.

3. EVIDENCE ☞178(4)—PAROL EVIDENCE—LOST MORTGAGE.

The contents of an admittedly lost mortgage can be proven by parol testimony.

4. JUDGMENTS ☞711—CONCLUSIVENESS—PERSONS NOT PARTIES—INDEBTEDNESS ON MORTGAGE.

Judgment, in suit between mortgagee and mortgagor, adjudicating the amount of indebtedness secured by mortgage, did not preclude defendant in mortgagee's action against a third person for conversion from showing that at time of alleged conversion the debt secured by the mortgage had actually been paid.

Appeal from Circuit Court, Etowah County; John H. Disque, Judge.

Action by J. H. Arnold & Co. against Pinckard & Lay. Judgment for plaintiff,

and defendant appeals. Application for rehearing granted, and judgment reversed and remanded.

Culli & Martin, of Gadsden, for appellant. Motley & Motley, of Gadsden, for appellee.

BRICKEN, J. This case is submitted on motion to strike the bill of exceptions; the several grounds of said motion being predicated upon a noncompliance with rule 32 of circuit court practice (Code 1907, p. 1526).

From an examination of the paper designated as the bill of exceptions, it appears that the motion is well taken, and that the so-called bill of exceptions is manifestly a flagrant violation of said rule, in that it appears to be a full stenographic report of the trial below, containing, as it does, a statement of everything that was done on the trial, and sets forth practically every word uttered by everybody, witnesses, attorneys, trial judge, etc. In addition thereto, there are copied verbatim et literatim several items of documentary evidence not germane or pertinent to the issues involved. Under the authority of the following cases, the motion to strike the bill of exceptions from the record in this cause will be granted. Southern Railway Co. v. Jackson, 133 Ala. 384, 31 South. 988; Gassenheimer v. Marietta Paper Co., 127 Ala. 183, 28 South. 564; Louisville & Nashville R. R. Co. et al. v. Hall, 131 Ala. 161, 32 South. 603; Hester et al. v. Cantrell, 169 Ala. 490, 53 South. 1009; Lucas v. Mays, 2 Ala. App. 497, 56 South. 593; Clancy v. Taylor et al., 12 Ala. App. 557, 68 South. 522; Owens v. State, 11 Ala. App. 309, 66 South. 852; Turner v. Thornton, 192 Ala. 98, 68 South. 813.

In the assignments of error which are based on the record there is nothing to warrant a reversal of the judgment of the court below, and it is therefore affirmed.

### On Rehearing.

SAMFORD, J. [1] While the writer of the original opinion in this case is still of the opinion that the bill of exceptions is a flagrant violation of the rule, and that the bill of exceptions should be stricken, the majority holds otherwise, they being of the opinion that the matters set out in the bill of exceptions are necessary to furnish to this court, as near as can be, a true history of the trial in the lower court and to make clear the exceptions reserved for review. That being the case, the court must proceed to a consideration of the cause upon the merits of the rulings.

This was an action by the plaintiff in the court below for damages for the destruction of plaintiff's lien upon personal property. It having been admitted that the mortgage dated October 17, 1913, and due December

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1, 1913, conveying the crops of 1913, and each succeeding year until paid, to secure the purchase money of a harrow and guard rail, amounting to $23.50, was lost, plaintiff introduced in evidence the record of the mortgage, showing the filing for record on October 18, 1913, and then, over the seasonable objection of defendant, proved by the oral testimony of a witness that the record was not ·a correct copy of the mortgage actually filed, by and through which plaintiff claimed a lien, in that, while the original mortgage executed by the mortgagor, who was not a party to this suit, contained the following clause: "And secure the payment of said sum or any other sums I might owe them before said note was paid," etc.—the record read: "And to secure the payment of this note and any other sums we may owe the payee before this note matures," etc. There were many other rulings of the court predicated upon this holding, among others the refusal of the court to permit the defendant, who was shown to have been a purchaser for value of a part of the crops of 1914 and 1915, to show that the mortgage to plaintiff was paid before its due day, and this because in 1915 the plaintiff recovered a judgment in assumpsit, in a suit against the mortgagor, in which suit the plaintiff declared on several notes dated subsequent to the mortgage under which defendant was holding, and also declared on the note secured by the mortgage, the basis of this suit.

[2] Section 3386 of the Code provides that conveyances of personal property are inoperative against creditors and purchasers without notice until recorded. Code 1907, § 3386. It is without dispute in this case that the only notice relied on is the record itself. It would seem to require no citation of authority to sustain the ruling that the defendant had no notice of anything not contained in the record, and such is the holding by the weight of authority of other states. 19 R. C. L. pp. 286, 287.

[3] But by reason of section 3369 of the present Code, relating to the filing for record of conveyances, our courts have laid down the rule that a mistake in recording a mortgage does not prejudice the rights of the mortgagee as against a subsequent purchaser. Chapman & Co. v. Johnson, 142 Ala. 633, 38 South. 797, 4 Ann. Cas. 559; Truss v. Harvey, 120 Ala. 636, 24 South. 927; Amos v. Givens, 179 Ala. 605, 60 South. 829; Carter v. T. C., I. & R. R. Co., 180 Ala. 367, 61 South. 65; Enslen v. Thornton, 182 Ala. 314, 62 South. 525; Anders Mer. Co. v. Rice Bros., 187 Ala. 468, 65 South. 388; Phillips v. Pippin, 4 Ala. App. 426, 58 South. 111. The mortgage being admittedly lost, it was therefore competent to prove by oral testimony the contents of the mortgage itself, and the plaintiff was entitled to the protection of the filing statute.

[4] But the defendant offered to prove that the debt secured by the mortgage in evidence had been fully paid and discharged by the mortgagor before the giving of a mortgage on the property under which the defendant claimed and with which the defendant connected himself. The court declined to permit this, because the amount in plaintiff's mortgage was included in the complaint, in a suit between the plaintiff and the mortgagor, in which suit plaintiff recovered judgment, and that presents the question as to whether the defendant in this action is concluded by a judgment in a suit on the note secured by the mortgage between the plaintiff and the mortgagor, to which suit this defendant was not a party, nor could have been. Whatever right the defendant has to defend against the claim of plaintiff arises out of a mortgage given by the mortgagor on the property in January, 1914, with which he connects himself. As between plaintiff and the mortgagor, plaintiff's mortgage was valid, and the amount due thereon had been adjudicated in a court of competent jurisdiction in a cause between the plaintiff and the mortgagor. The January, 1914, mortgagee took no better title than that of the mortgagor, which was subject to the lien created by plaintiff's mortgage. But this defendant is not in privity with the contract of debt secured by plaintiff's mortgage, and hence, when the plaintiff pursues one of the remedies to which he is entitled, to wit, a suit against the mortgagor on the debt, it does not conclude a purchaser of the mortgaged property from showing, if he can, that at the time of the alleged conversion the debt had been actually paid. If there had been any agreement on the part of the defendant to have paid the debt, or any other agreement that would have placed defendant in privity with the mortgagor, it would be different. The rule has so many times been stated that it is useless to repeat it here, but the following case will suffice to illustrate our meaning: Powell v. Robinson, 76 Ala. 423; White v. Hill, 176 Ala. 486, 58 South. 444; Drinkard v. Oden, 150 Ala. 475, 43 South. 578. This does not interfere with or affect the judgment of the plaintiff against the mortgagor, but it would be monstrous to conclude this defendant by a judgment with which he was in no way connected nor could have defended against. Every man must have his day in court. If the debt secured by the mortgage of October, 1913, was paid, the title to the property revested in the mortgagor, subject to the mortgage under which defendant claims, and hence plaintiff could not recover in this action, although he held other mortgages dated subsequent to the defendant's mortgage. The parties recognize this as the crux of the case, and all of the rulings of the trial court revolve around and are dependent upon it. The trial court erred in refusing to allow the

defendant to prove payment of the mortgage of October, 1913. For this and for the other rulings of the trial court in conflict with the foregoing, it follows that the application for rehearing is granted, the judgment of affirmance is set aside, and the cause is reversed and remanded.

Application granted.

.Reversed and remanded.