(116 So. 900)

## WINDHAM v. CITY OF ANDALUSIA.
### (4 Div. 336.)

Court of Appeals of Alabama.   March 6, 1928.

Rehearing Denied March 27, 1928.

A. Whaley, of Andalusia, for appellant.

E. O. Baldwin, of Andalusia, for appellee.

BRICKEN, P. J. ▮ This cause was submitted on briefs in this court. The bill of exceptions bears the indorsement of an agreement between opposing counsel that it is a correct bill of exceptions. The insistence now made in brief of appellee that the bill of exceptions be stricken as in violation of rule 32 will not be sustained. See, also, Arnold & Co. v. Pinckard & Lay, 16 Ala. App. 590, 80 So. 164.

From a conviction in the mayor's court for a violation of a certain ordinance of the city of Andalusia, the defendant, appellant here, appealed to the circuit court. He was there tried by a jury, demand for which was duly made in writing by defendant, upon a complaint filed by the solicitor for the city, in which the accused was charged with violating the prohibition laws of said city.

▮ The complaint contained the necessary averments, and was not subject to the demurrers.

Several points of decision are relied upon to effect a reversal of the judgment of conviction, but the principal insistences, we take it, are: (1) That the evidence was insufficient, and that the city failed to meet the required burden of proof. The next insistence (2) is that the hard labor sentence imposed by the jury was without authority of law; the contention being that, if hard labor sentence should be imposed, it was the duty of the court, and not of the jury, to do so.

▮ As to the first insistence, this court in its decision and conclusion must of necessity conform to the settled and oft-announced rule, which is, if there is any evidence tending to make a case against the accused, though such evidence may be weak and inconclusive, the general charge should never be given. Pellum v. State, 89 Ala. 28, 32, 8 So. 83. The effect of this rule is simply, where there is evidence tending to establish the charge, the question is one of fact, and therefore entirely for the jury, and the jury must determine the probative force of such evidence. In this case the evidence was in sharp conflict. That for the city tended to show that within the police jurisdiction of the city of Andalusia two cases, or boxes, of whisky were found by the officers of the city; that one of the officers secreted himself near by, and remained practically all night watching; that around 8 o'clock next morning this defendant and another man, one Rose, drove out to the place in a car, and stopped near where the whisky was hidden; that this defendant and Rose got out of the car; and crossed the road near where the whisky was hidden near a wire fence, and that "Windham (defendant) went up the bank, and there was a case of whisky sitting right side of the wire fence up the bank, and Windham put his foot on the wire—he put his foot right on the case of whisky." The watching officer testified that he heard some conversation between the parties to the effect, "I bet those fellows haven't come," and the other replied, "I'll bet they have." And that Rose said, "Wait a minute; I don't care if they haven't

come, we are going to move it anyhow." About that time the officer in hiding was discovered, and this defendant fled from the scene. He was some three months afterwards arrested in Mobile, and was brought back to Andalusia for trial. Prosecuting witness Hall testified he went to Mobile for the defendant, and on the way back to Andalusia (under proper predicate) the defendant stated to him, "Well, the reason I had anything to do with it, or was fooling with it, was because my job had given out, and I had left my job, and times was hard was all the reason I had anything to do with it." Witness was asked if in this statement defendant was talking about this particular liquor, to which he replied, "Absolutely."

The defendant denied all knowledge of the liquor in question, and stated that he had nothing in the world to do with it. He also denied emphatically making the above statement to witness Hall.

There was other testimony, but from what has been hereinabove quoted, we are convinced that the insistence (1) made by able counsel for appellant cannot be sustained. From the manifest incriminating circumstances, the unexplained presence of defendant at the cache, the conversation indulged by him and the man Rose, his flight therefrom, his alleged confession to witness Hall—all taken together, certainly bring this case within the rule above stated, and render inapt the affirmative charge for defendant. We therefore hold that the court properly refused said charge, and that there was no error in denying the motion to exclude the evidence.

■ Nor can we sustain appellant's insistence (2). In this connection section 1937 of the Code 1923 must govern. Our construction of said section does not coincide with the contention of appellant's counsel. The pertinent portion of this statute provides that the appealed case shall be tried de novo in the circuit court. It is manifest, from the provisions of this section, that, if the trial de novo is by the court only, in case of hard labor being imposed, such imposition should be by the court. But, if the case is tried by a jury, as here, the statute makes it the duty of the jury to not only assess the fine, but to impose such hard labor sentence as they may determine, provided such fine and hard labor sentence are within the limits authorized by law or ordinance for such offense. The portion of the section, in point, reads as follows:

"The case appealed shall be tried de novo in such court, and the judge or jury trying such cause is authorized to impose upon the person convicted such punishment by fine, or imprisonment in the city jail, or other place of confinement, or hard labor for the city, or by fine and imprisonment, as the court or jury may deem proper and is authorized by law or ordinance for such offenses."

Under the conflicting evidence in this case, the lower court submitted the question of the guilt or innocence of the accused to the jury. In this the court was correct; the evidence presented a jury question. The case presented a question of fact pure and simple. We see no prejudicial error in any of the rulings of the court which are presented for review.

Affirmed.