(117 So. 55)

## COLLINS v. VAUGHN REALTY CO.
### (6 Div. 96.)

Supreme Court of Alabama.    April 12, 1928.

Rehearing Denied May 31, 1928.

1. **Exceptions, bill of ⬀14—Bill of exceptions containing stenographic report was stricken, pursuant to rule, as not constituting proper record (Circuit Court Rule 32).**

Because of Circuit Court Rule 32 (Code 1923, vol. 4, p. 905), providing that bills of exception shall not contain a statement of the testimony except under certain conditions, where bill of exceptions contained stenographic report it was stricken as not constituting proper record.

2. **Appeal and error ⬀555—Errors assigned could not be considered after bill of exceptions was stricken for violating court rule (Circuit Court Rule 32).**

Errors assigned in bill of exceptions could not be considered by the reviewing court after the bill was stricken because of its being in violation of Circuit Court Rule 32 (Code 1923, vol. 4, p. 905).

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by the Vaughn Realty Company against Edgar Collins. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Lange, Simpson & Brantley and Ormond Somerville, Jr., all of Birmingham, for appellant.

The form of the questions and answers are so interrelated and dependent each upon the other, that in order to show the true effect of the testimony it would be unfair to both parties to attempt to paraphrase. The method employed is justified. Cheek v. Odom, 20 Ala. App. 31, 100 So. 783; Buckner v. Graves, 210 Ala. 294, 98 So. 23; Long v. Seigel, 177 Ala. 342, 58 So. 380; J. H. Arnold & Co. v. Pinckard & Lay, 16 Ala. App. 590, 80 So. 164.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

Where a bill of exceptions is nothing more than a stenographic report of the trial, it must be stricken on motion of appellee. Turner v. Thornton, 192 Ala. 98, 68 So. 813; Lucas v. Mays, 2 Ala. App. 497, 56 So. 593; Irby v. Kaigler, 6 Ala. App. 91, 60 So. 418; Owens v. State, 11 Ala. App. 309, 66 So. 852; Circuit Court Rule 32 (4 Code, 1923, p. 905).

SAYRE, J. [1] The bill of exceptions in this case was prepared, that is, was copied from the stenographic notes taken at the trial, with utter disregard of Circuit Court Rule

32 (Code 1923, vol. 4, p. 905). The only errors assigned relate to the refusal of five charges refused to the defendant, appellant. Considered as an effort to review the refusal of these charges by the trial court, the bill of exceptions is laden to the limit of its capacity with immaterialities and irrelevancies. It has all the redundancies charged to the bill of exceptions in Gassenheimer Paper Co. v. Marietta Paper Co., 127 Ala. 183, 28 So. 564, with the exception that it does not cover as much useless territory as did the bill in that case; this, evidently, for the sole reason that not so many witnesses were examined. The practice, of which the present bill is an example, has been growing and needs not to be encouraged. Indeed, it is considered necessary to call attention to it in order to simplify and expedite the disposition of causes brought to this court for decision. The remarks of Pelham, J., in Irby v. Kaigler, 6 Ala. App. 94, 60 So. 418, quoted by this court in Turner v. Thornton, 192 Ala. 98, 68 So. 813, are apt to the circumstances of this case. The bill of exceptions is stricken because it is in palpable violation of Rule 32. There are many impressive precedents for this course, some of which we cite. Gassenheimer Paper Co. v. Marietta Paper Co., supra; Hester v. Cantrell, 169 Ala. 490, 53 So. 1009; Turner v. Thornton, supra; Southern Railway v. Jackson, 133 Ala. 384, 31 So. 988; Louisville & Nashville v. Hall, 131 Ala. 161, 32 So. 603.

[2] In the absence of a bill of exceptions the errors assigned cannot be considered.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.