159 So. 72

## FACTORS & MILL END DISTRIBUTORS, Inc., v. ROSENTHAL.

### 6 Div. 642.

Supreme Court of Alabama.

Dec. 20, 1934.

Rehearing Denied Jan. 31, 1935.

Wm. J. Slaughter, of Birmingham, for appellant.

Walter S. Smith and Rosenthal & Rosenthal, all of Birmingham, for appellee.

THOMAS, Justice.

The submission in this case was upon motion and merits.

The motion was to strike the bill of exceptions as a violation of rule 32 of circuit and inferior court practice. The earlier decisions are cited in Michie's Code of 1928, p. 1939. The rule has been enforced by the recent decisions of Turner v. Thornton, 192 Ala. 98, 68 So. 813; Collins v. Vaughn Realty Co., 217 Ala. 605, 117 So. 55; Harris et al. v. Carter et al., 220 Ala. 444, 125 So. 608; Most Worshipful Grand Lodge of Ancient Free & Accepted Masons of Alabama (colored) v. Callier, 224 Ala. 364, 140 So. 557; Gassenheimer Paper Co. v. Marietta Paper Manufacturing Co., 127 Ala. 183, 28 So. 564.

This bill of exceptions is a violation of the rule, and is stricken under the terms thereof.

The motion is granted and the bill of exceptions is stricken. No other questions are presented for review as to the record proper, and the judgment is affirmed.

Motion granted; affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

On Rehearing.

THOMAS, Justice. ·

Upon further consideration of this case on application for rehearing, the court is of the opinion that the application for rehearing should be, and is hereby, overruled.

Application overruled.

All the Justices concur, except BROWN, J., who dissents.

BROWN, Justice (dissenting).

It is well settled that this court will exercise its discretion in applying rule 33 of Circuit Court Practice, and will strike the bill of exceptions or tax the appellant with costs, in the light of the circumstances and the justice of the case. Woodward Iron Co. v. Herndon, Adm'r, 130 Ala. 364, 30 So. 370; Louisville & Nashville Railroad Co. et al. v. Hall, 131 Ala. 161, 32 So. 603; Long v. Seigel, 177 Ala. 338, 58 So. 380.

In my judgment, much of the matter contained in the bill of exceptions was necessary to show the atmosphere of the trial, and this palliates the violation complained of, and the most that should be done is to tax part of the

costs of the appeal against the appellant and consider the case on the merits.

Courts are created for the administration of justice, and to my mind there has been a failure of justice in this case.

I therefore respectfully dissent.