162 So. 364

**BROWN et al. v. BURRELL.**

8 Div. 665.

Supreme Court of Alabama.

June 20, 1935.

Powell & Powell, of Hartselle, for appellants.

O. Kyle, of Decatur, for appellee.

Brief did not reach the Reporter.

BOULDIN, Justice.

Theo Burrell brought suit in detinue to recover certain live stock, a wagon, and harness. There were three defendants, Mack Brown, T. S. Brown, and Dora Brown. A writ of seizure being issued as per statute, these defendants executed their joint replevy bond in detinue, and the property was returned to their possession. Defendants then filed joint and several pleas, saying:

"1st. That they do not detain the property sued for.

"2nd. Defendants plead the general issue."

Some months later, Mack Brown, one of the defendants, filed a disclaimer to all the property except one black mare mule, and alleged that the property so disclaimed was owned by J. R. Holder, by virtue of a mortgage executed by Mack Brown.

Thereupon a summons was issued to Holder to appear and make himself a party defendant in the cause. Holder appeared and adopted the pleas theretofore filed by all the defendants, and a special plea claiming title to the property, save the one mule, under a mortgage executed by Mack Brown. Holder gave no bond.

The cause coming on for trial, plaintiff filed a motion to strike J. R. Holder as a party defendant. The motion was granted, and the cause went to trial on the pleas filed by the original defendants. The evidence disclosed plaintiff had title to all the property through mortgage executed by all the original defendants.

Judgment went against them. They all appeal and make joint assignments of error.

The proceeding to make Holder a substituted defendant is based on Code, § 10387.

We are not impressed this statute lends itself to proceedings in a case of this kind, involving definite issues made by two of the original defendants, who have executed a replevin bond for all the property, who sought no discharge as parties defendant; and who, it affirmatively appears, are not connected with the title asserted by Holder. This statute contemplates a substitution of parties, provides for a bond to be given by the claimant, or on his default, by the plaintiff in the suit, relieving the discharged defendants from their replevy bond.

In this case three persons are sued as having possession of the property; the plea of the general issue admits this possession by each and all; they have given a joint bond. Manifestly Mack Brown could not be discharged as a defendant, saddling on his codefendants his obligation to deliver the property, pay costs and damages without their consent.

This statute does not strip the defendants of the common-law right to set up an outstanding title in Holder with which they were connected. Powell v. Robinson & Ledyard, 76 Ala. 423. The execution of the mortgage to plaintiff by all the defendants was proven and same offered in evidence. This gave to plaintiff right of possession as claimed, and was admissible under the general issue. No evidence was offered by defendants.

The substitution of a defendant under section 10387, in the place of one, must take into consideration the rights of codefendants and the rights of the plaintiff in the security by way of a joint replevin bond.

We find no error in striking Holder as a party defendant under the circumstances of this case.

All evidence of a release or discharge of the property from plaintiff's mortgage was admissible in this suit. The application to remove the cause to the equity court, based upon facts setting forth such release, was properly overruled.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.