165 So. 868

## BROOKS v. DOWNING–SHOFNER SCHOOL et al.

### 3 Div. 771.

Court of Appeals of Alabama.

Feb. 18, 1936.

Leon G. Brooks and Hugh R. Williams, both of Brewton, for appellant.

McMillan & Caffey, of Brewton, for appellees.

RICE, Judge.

Essentially, for the purpose of a proper disposition of this appeal, this was a suit by the appellant against the Downing-Shofner School, whether a corporation, or an unincorporated association, or whether properly named as the Downing-Shofner School, or Downing-Shofner Institute, does not matter. We are persuaded, and hold, that it was identified, sufficiently, as the one and only defendant in the suit. Garnishment was run, under the statutes, in aid of the suit, against the Farmers & Merchants Bank, a corporation.

The garnishee bank duly filed its answer, showing, among other things, that it was indebted to the defendant described above in the agreed amount of $600, the amount "on deposit to the credit of (defendant)—the current fund used by (defendant) for its maintenance and operating expenses."

Defendant (appellee) made a motion to discharge the garnishee upon its answer, and this motion was granted by the lower court.

The case proceeded no further, but this appeal is prosecuted from the order of the court granting the motion referred to.

It seems that the appeal is authorized. Rayford v. Faulk, 154 Ala. 285, 45 So. 714; Murphree v. City of Mobile et al., 108 Ala. 663, 18 So. 740; Code 1923, § 8085.

Appellee moves to strike the bill of exceptions, on the ground that same is but a stenographic report of the proceedings on the trial, in violation of the terms of rule 32 of Rules of Practice of Circuit and Inferior Courts (Code 1928, p. 1939) and of Code 1923, § 6438. This motion is overruled and denied, for two reasons: (1) Because appellee's counsel agreed, before the signing and approval of the bill, that the same was correct; (2) and because, in our opinion, "the matters set out (and as set out) were necessary to furnish the Court of Appeals a true history of the trial in the lower court and to make clear the exceptions reserved for review." Windham v. City of Andalusia, 22 Ala.App. 407, 116 So. 900; J. H. Arnold & Co. v. Pinckard & Lay, 16 Ala.App. 590, 80 So. 164.

It only remains for us to say that we have examined with care the testimony taken on the hearing below of appellee's motion to discharge the garnishee. There appears nothing tending to show that the $600 hereinabove referred to was in any way exempt from garnishment. It was but current funds of defendant collected, in ad-

vance, perhaps, from students attending the school, and from other sources. The motion to discharge the garnishee should have been denied.

The order granting same is hereby reversed, the same is hereby overruled and denied, and the cause is remanded for further proceedings in accordance with the statutes made and provided. Code 1923, § 8599, 9502.

Reversed, rendered, and remanded.